United States District Court
for The District of Columbia

**FILED**

MAY 1 5 2008

Shanell James, #69829-004
                Plaintiff
MDC - Brooklyn
against   80-29th Street, (Unit K-83)
          Brooklyn, NY 11232
U.S. Drug Enforcement Administration,
                and
U.S. Immigration & Customs Enforcement,
                        Defendant(s)

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case: 1:08-cv-00842
Assigned To : Urbina, Ricardo M.
Assign. Date : 5/15/2008
Description: FOIA/Privacy Act

## COMPLAINT

This is an action under the "Freedom of Information Act"(FOIA), Title 5, United States Code § 552, and "Privacy Act"(PA), Title 5, United States Code § 552(a) to order the production of agency's records consisting, specifically of "Laboratory Analysis Report" generated/prepared, and used in the Indictment No.#03-2712-O'Sullivan, and/or the prosecution of Federal criminal Case No.#03-20452-Ungaro-Benages. The Plaintiff avers the following;

Plaintiff Shanell James is a Federal prisoner currently incarcerated at the Metropolitan Detention Center(MDC)-Brooklyn(NY).

Plaintiff also asserts that he has exhausted all remedies(Administrative) with the defendant(s), and other entities as prescribed by law.

Plainitff was denied the soughted/requested information, in violation of Title 5, United States Code §(s) 552 & 552(a).

As of the date of this complaint, the elasped time (6) six months has occurred. Therefore, Plaintiff believing that he has been more than patient in waiting 180 days period, hereby petitions this Honorable Court for redress. (Judicial Review)

### Jurisdiction

This Court has jurisdiction pursuant to FOIA, 5 USC § 552, and PA, 5 USC § [Ad]ministrative Procedure Act", 5 USC § 701, the First Amendment, Fou[rth] Amendment, Fifth Amendment, and Ninth Amendment, and 28 USC § 1331. Ven-

**RECEIVED**

APR 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

ue is proper in this District pursuant to the provisions of 5 USC § 552(a)(g)(5), 5 USC § 703 and 28 USC §§ 1391 and 1402.

2) Futhermore, the provinions mentioned in 28 Code Federal Regulations § 16.9 provides for <u>Judicial Review</u>, of a denied Administrative Appeal, of a denied FOIA/PA request. This is cross-reference to 5 USC §552(a)(4)(B).

### Factual Background

3) In November/2004, Plaintiff submitted an FOIA/PA request to Department of Justice's, Justice Management Division, FOIA/PA Mail Referral Unit, Room 1070, NPB, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001, seeking Laboratory Analysis report prepared in Federal Indictment/Criminal Case. This referral was referred internally to the Drug enforcement Administration and other agencies under the Department of Justice.(see enclosed "Mail Referral Checklist" and corresponding letter, dated January 3, 2005)

4) On February 15, 2005, The DEA sent Letter to Plaintiff advising that it recieved his FOIA/PA request, to which Request No. 05-0524-P was assigned. This response was to the referred request by Department of Justice's, Justice Management Division. (see enclosed photo copy of corresponding letter)

5) On February 22, 2005, Plaintiff then submitted an additional FOIA/PA request directly to DEA and CBP,(see enclosed FOIA/PA request). Plaintiff submitted the FOIA request to CBP because this agency was/is outside the scope of the Department of Justice, and the respective (parent) agency to Department of Homeland Security who supervises the CBP. Also, many of the Documents released in Plaintiff's Criminal Case, "Discovery Materials" contains reference to the arresting Special Agent of CBP.(see enclosed photo copies of "U.S. Customs Service,Custody Receipt for Seized Property and Evidence") Also, there is the DEA "Report of Drug Property Collected, Purchased or Seized" that was submitted by Special Agent, that cited the"referring agency" as U.S. Customs Service. This Document is the soughted/requested document under FOIA/PA.This document was originally released during Plaintiff's pre-trial phase in Criminal Case as discovery material.

The released aforemention form contained a "Laboratory Report" section that was incomplete. Therefore, this is the reason why Plaintiff filed his FOIA/PA request seeking the completed portion in this document.(see enclosed incomplete "Report of Drug Property Collected, Purchased or Seized" form, given by appointed counsel as part of"discovery" release)

6) After submitting the FOIA/PA requests directly to DEA and CBP, Plaintiff recieved a letter on March 1, 2005, which indicated that "it could not Locate any record" pursuant to Plaintiff's FOIA/PA request. This letter advised of Administrative appeal to the Co-Director, Office Of Information and Privacy, FLAG Building, suite 570, Washington, D.C. 20530.(see enclosed photo copy of corresponding letter)

7) On March 8, 2005, Plaintiff Filed a FOIA/PA appeal to Co-Director, this appeal was to appeal **all the denials Plaintiff recieved from the agencies to** which he filed FOIA/PA requests and the information was denied to be release.(see enclosed photo copy of FOIA/PA appeal)

8) On March 24, 2005, Plaintiff recieved letter From Office of Information and Privacy acknowledging the receipt of the filed FOIA/PA appeal to which it assigned Appeal No. 05-1298 for the appeal fof the DEA's response denial.(see enclosed photo copy of corresponding Letter)

9) During this entire time CBP had responded to Plaintiff's request by acknowledging that it recieved Plaintiff's FOIA/PA request, to which it assigned a Request No. . Also. over the next 90 days and beyond, CBP failed to answer several letters submitted by Plaintiff regarding request. This non-responsive nature led to the filed (Complaint)litigation on March 24,2006.(Civil Action No.06-0562 RMC)

10) On June 6, 2005, Plaintiffrecieved letter from Office of Information and Privacy affirming the action of which it cited that the DEA response was "correct" in which stated "that it could locate no records responsive to your request." This letter mentioned that if Plaintiff had not already done so submit a seperate FOIA/PA request to component of Department of Homeland Security, in wh-

ich it listed addresses of U.S. Customs and Border Protection(CBP), and U.S. Immigration & Customs Enforcement(ICE). (see enclosed photo copy of corresponding letter)

11) On August 4, 2006, Due to the initiated litigation in Civil Action No. 06-0562-RMC. The Honorable District Court for the District of Columbia had summons and complaint served to Department of Home land security's, Office of General Counsel. Contained within this complaint and summons was all corresponding letters, FOIA/PA requests and the denials. Its theorized that had the Office of General Counsel for the Department of Homeland Security thoroughly critique the enclosed material it would have discovered that its own agency (ICE) was mentioned specifically with reference to Special Agent Chinell Medina.(see enclosed photo copy of "Notice and Acknowledgement of Receipt of Summons and Complaint by Mail")

12) Also, as a result of the initiated litigation. In July/2007, Plaintiff recieved a letter from U.S. Immigration & Customs Enforcement(ICE) mentioning that CBP forwarded Plaintiff's FOIA/PA request since March/2005. This was over a two year delay. It release twelve pages of records that were already released by CBP, and made reference to the soughted/requested "Laboratory Analysis Report", but did not release the actual document.(see enclosed photo copy of letter from ICE dated March 20, 2007). This letter was recieved by Plaintiff in July/2007.

13) On August 21, 2007, Plaintiff filed two FOIA/PA request to ICE and DEA to which he filed directly to both agencies, again requesting the release of the completed Laboratory Analysis Report in which the DEA's Southeast Regional Laboratory performed an Chemical analysis of the seized contraband in Plaintiff's criminal case and indictment.(see enclosed photo copy of FOIA/PA request to ICE)

14) In mid November/2007, The Drug Enforcement Administration sent Plaintiff a letter in which it had completed its review of the referred DEA document to which it cited the referred FOIA/PA request by the Executive Office for

-4-

U.S. Attorney(s) (EOUSA  This letter denied Plain f's request for the"Lab

Analysis" report by which it envoked exemptions giving it the authority for

withholding the soughted record. Those exemption are as following;

| **Freedom of Information, 5 U.S.C.§ 552** | **Privacy Act, 5 U.S.C.§ 552(a)** |
|---|---|
| **(b)(6), and (b)(7)(D)** | **(j)(2)** |

(see enclosed photo copy of corresponding letter/ along with exemption form)
(Also, note that the withheld document totals 1 page, and is believed to be
the soughted "Lab Analysis" report) This request was assigned No# 07-0675.

15) In December/2007, Plaintiff filed an Administrative appeal to the de-
nial of the informationsought.(see enclosed photo copy of FOIA/PA appeal)

16) On January 8, 2008, Plaintiff recieved a letter from the Office of
Information and Privacy, assigning Appeal No. 08-0675, this letter also ment-
ioned that it had a substantial backlog of pending appeal recieved prior to
Plaintiff's.(see enclosed photo copy of corresponding letter)

17) In mid February/2008, Plaintiff recieved letter from Office of Infor-
mation and Privacy affirming the finding of the DEA, in which it stated "These
records are exempt from(release) access provision of the privacy Act of 1974
pursuant to 5 U.S.C.§ 552a(j)(2).... DEA properly withheld this information in
its entirety because it is protected from disclosure under the FOIA pursusnt
to 5 U.S.C. § 552(b)(6).(see enclosed photo copy of corresponding letter)

18) Plaintiff planned to amend the Defendant(s) to his complaint in Civil
Action 06-0562-RMC. In April/2007, Plaintiff was transfered to MDC-Brooklyn as
per "Writ" issued by the U.S. District Court (E.D.N.Y.). During this time the
Plaintiff's personal property, which contained prepared legal motions that we-
re to be submitted. Specifically Plaintiff had a "Motion to Amend Complaint to
Add New Defendant(s)". As a result of the Transfer Plaintiff's personal proper-
ty was loss. Therefore, Plaintiff filed an amendment, but the Honorable Court
denied to have the Defendant(s) amended because the Civil Action was to far de-
veloped, and the Defendant (CBP) had moved for Renewed Summary Judgement.(see
enclosed copies of Administrative Tort Action No.TRT-NER-2008-01154(formerly
TRT-NER-2007-05899), and ( Memorandum & Opinion of  06-0562-RMC).

### First Cause Of Action

19) The action of the Defendant(s) stated in paragraphs 3 through 17 de-nied Plaintiffs rights afforded by the laws of the United States.

20) These rights were niolated by the Defendant(s) refusal to supply doc-uments pursuant toFOIA/PA.Thus, denying the Plaintiff theOppurtunity to challe-nge the finding relatedto hiscriminla case,and the evidence used in the prosecu-tion.

### Second Cause Of Action

21) The actions of the Defendant(s) stated in paragraphs 3 through 17 de-nied Plaintiff's First Amendment, and Fifth Amendment(s) rights.

22) The Defendant(s) have violated these constitutional Righs by using United States Laws to circumvent the right(s) guaranteed to Plaintiff under the United States Constitution.

23) The Defendant(s), by circumventing these right(s) are denying Plaintiff the ability to seek access in a Court of Law as this Document will be used in related Litigation, that may challenge his Federal Criminal conviction.

### Third Cause Of Action

24) The actions of the Defendant(s) stated in paragraphs 3 through 17 de-nied Plaintiff's Fourth and Ninth Amendment(s) rights.

25) Plaintiff contends that some of these document contain information that would grant him the ability to prove that during his "pre-trial" phase, and during plea & sentencing hearings, that representatives of the (U.S. Attorney's Office for the Southern District of Florida(Miami) government knowingly allowed falsetestimony, and/or evidence to go before the trier of fact.

26) Plaintiff futher asserts that if there is an exemption(s) that is envok-ed by the government, Plaintiff also asserts that his constitutional rights as an indivisual "trumps" the exemption(s) Cited/claimed.

### Demands

27) The Defendant(s) made a mistake by not supplying Plaintiff the requested/soughted information, and/or a valid explaination as to the denial. Therefore

the Plaintiff demands judgement against the Defendant(s), and prays the Honorable Court grants the following;

(A) That the Court review the enclosed records that corroborate his claims and determine if the Defendant(s)'s denial is in accordance to law.

(B) If it's found that information is to be provided to Plaintiff with exemptions envoked by the Defendant(s), Plaintiff humbly and respectfully request that this Honorable Court critique these exemptions, and if applicable view document(s) via **"In Camera"** to further determine, and/or release what portions are in fact exempt of a document(s). It is requested that all releasable portions of a document be release, or in the alternate release of the respective document.

(C) That the Court declare the actions of the Defendant(s) in this Civil Action outside of established law(s) and unconstitutional.

(D) Compensatory Damages in the amount $1.00, and punitive damages in the amount that this Court would deem fair and reasonable, to deter Defendant(s) from engaging in this type of willful conduct in the future. In addition, Plaintiff reserves the right to later increase the amount of damages,if it's later learned of doing so, and have that amount amended to this complaint.

(E) That the Court order the Defendant(s) to reimburse Plaintiff any cost that he may incurred as a result of filing this Civil Action, and during the "life" of this litigation before this Honorable Court.

(F) Such other relief as this Honorable Court might be necessary, and/or appropiate. This action is filed in "good Faith",and filed in the interest of justice, and in the "spirit of the law". This filing is not frivolous and filed in serious consideration of __Judicial Review__. Also. Plaintiff declares that the aforementioned paragraphs numbered 3 through 17 to be **TRUE, CORRET,and CERTAIN** pursuant to Title 28, United Staes Code z 1746.

Date:

_Graw Howell Case Manager_

Authorized by the Act of July 7, 1955
to Administer Oaths 18USC 4004
Metropolitan Detention Center-Brooklyn
Federal Bureau of Prisons
April 7, 2008

Gratefully Submitted,

_Shanell James_
Shanell James,Plaintiff/Pro-Se

-7-

## CERTIFICATE OF SERVICE

This is to certify the following documents;

1) Two copies COMPLAINT naming Defendant(s), and seeking the Honorable

Court to serve;

2) Two copies ANNEXED EXHIBITS OF EVIDENCE, also seeking the Honorable

COURT to serve;

U.S. DRUG ENFORCEMENT ADMINISTRATION

and

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT

These filings were mailed to the following address;

United States District Court
for The District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
Attn: Nancy Mayer-Whittington, Clerk of District
                                        Court

Via First Class mail postage pre-paid, and affixed. This was mailed at

the mailroom at;

Metropolitan Detention Center(MDC)-Brooklyn
80-29th Street,(Unit K-83)
Brooklyn, New York 11232

On ___26th___ day __April__ month in the year of 2008, I Shanell James,

Reg. No. 69829-004, certify that this has been done.

True and Correct,

Shanell James/Plainitff/Pro Se
Reg No. 69829-004
MDC-Brooklyn
80-29th Street,(Unit K-83)
Brooklyn, New York 11232

United States District Court
for The District of Columbia

| | |
|---|---|
| Shanell James,<br>            Plaintiff<br><br>against<br><br>U.S. Drug Enforcement Administration,<br>                and<br>U.S. Immigration & Customs Enforcement,<br>                          Defendant(s) | CIVIL ACTION NO. |

********************************************************************************
ANNEXED EXHIBITS OF EVIDENCE

********************************************************************************

Annexed Exhibits of Evidence

Table of Contents

---

Referenced in paragraph (3)
Document (1):"Freedom of Information Act/Privacy Act, Referral/Action Slip"
(Checklist) dated 01/03/05                      total of 1 page

Document (2):Corresponding Letter from Department of Justice's,Justice Managemen
nt Division. dated 01/03/05              total of 2 pages
Referenced in paragraph (4)
Document (3):Receipt from Drug Enforcement Administration regarding FOIA/PA
Request. Assigned Request No. 05-0524-P dated 02/15/05(letter)
total of 1 page

Referenced in paragraph (50)
Document (4):Plaintiff's FOIA/PA request, dated 02/22/05
total of 2 pages
Document (5):U.S. Customs Service, "Custody Receipt for Seized Property and
Evidence" all dated 05/25/03        total of 3 pages
Document (6):Drug Enforcement Administration,"Report of Drug Property Collected,
Purchased or Seized", submitted by Special Agent Chinell Medina who
cited referring agency as"U.S. Customs Service", dated 05/28/03
document given by Kennth J. Kukec,Esq.      total of 2 pages
Referenced in paragraph (6)
Document (7):FOIA/PA response from DEA, dated 03/01/05 (denial)
total of 1page

Referenced in paragraph (7)
Document (8):FOIA/PA appeal submitted to Office of Infromation & Privacy,Co-
Director, dated03/08/05                total of 1 page
Referenced in paragraph (8)
Document (9): Receipt of FOIA/PA appeal from Office of Information & Privacy,ass-
igning Appeal No. 05-1298. dated 03/24/05 total of 1 page
Referenced in paragraph (10)
Document (10):Denial of FOIA/PA appeal by office of Informatiom & Privacy,dated
06/06/05.(Affirmation of DEA response)    total of 2 pages
Referenced in paragraph (11)
Document (11):"Notice and Acknowledgement of Receipt of Summons and Complaint
by Mail" served on Department of Homeland Security's, Office of
General Counsel regarding Plaintiff's Complaint in Civil Action
No. 06-0562-RMC.(including FOIA/Pa Requests & corresponding lett-
ers) dated 08/06/06 (U.S. Marshals Service)total of 1 page
Referenced in paragraph (12)
Document (12):Letter Receipt acknowledging that CBP forwarded Plaintiff's FOIA/
PA request to U.S. Immigration & Customs Enforcement since 03/22/
05. dated 03/20/2007(two year delay)      total of 2 pages
Referenced in paragraph (13)
Document (13):Plaintiff's 2nd FOIA/PA request to the DEA & ICE,dated 08/21/07
(DEA Request No.07-0403-P)      total of 4 pages
(Only have copy of ICE request,the one submitted to DEA was same)
Referenced in paragraph (14)
Document (14):Denial of FOIA/PA request from DEA, dated 11/14/07, citing exemp-
tions. (Request No. 07-0403-P)      total of 2 pages
Referenced in paragraph (15)
Document (15):FOIA/PA appeal submitted by Plaintiff to Office of Information &
Privacy, Co-Director. dated 12/13/07      Total of 5 pages
Referenced in paragraph (16)

Continue on next page

Annexed Exhibits of Evidence

continued                        Table of Contents

Document (16):Letter receipt acknowledging FOIA/PA request from Office of Inform-
              ation & Privacy, assigned Appeal No.08-0675   total of 1 page
Referenced in Paragraph (17)
Document (17):denial of FOIA/PA appeal by Office of Information & Privacy, dated
              02/19/08, w/exemptions attachment.              total of 3 pages

                    Additional Exhibits of Evidence
Referenced in paragraph (18)
Document (18):Administrative Tort Action No. TRT-NER-2008-01154(formerly TRT-2007-
              05899) various Letters Amendments to pending Tort Action supporting
              loss of personal property. Also, submitted Administrative Remedy to
              Bureau of Prisons's, Northeast Regional Office, and Central Office.
                                                        total of 14 pages
Not referenced in complaint(but cooroborates Plaintiff's Claims)
Document (19):"Motion to preserve Evidence" submitted on behalf of Plaintiff by
              representing counsel in Indictment No.03-21712-O'Sullivan
                                                        total of 2 pages
Document (20):"Witness List" release by ICE in twelve page release, mentioned in
              Document 12 of Exhibits of Evidence.       total of 1 page
Document (21)"Motion for Wirt of Mandamus" filed in Civil Action No. 06-0562-RMC,
              seeking order directing Bureau of Prisons officials to locate and
              provide legal property.                    total of 3 pages
Document (22) Page 5 of Docket Sheet in Civil Action No. 06-0562-RMC, docket ent-
              ry# 55, filed 08/29/07.This confirms that Plaintiff sought relief
              from Court in Civil Action regarding legal materials(property).
                                                        total of 1 page

*************************************************************************

DOCUMENT 1

*************************************************************************

**U.S. Department of Justice**
Justice Management Division

**Freedom of Information Act/Privacy Act Referral/Action Slip**

Clerk: Barnes

Organization: JMD/FASS

Building & Room: LOC, 113

Date:

JAN 0 3 2005

| To | From | | To | From |
|----|------|--|----|------|
| ☐ | ☐ Office of Information & Privacy | | ☐ | ☐ Immigration Review, Executive Office for |
| | _____ | | ☐ | ☐ Inspector General, Office of |
| | _____ | | ☐ | ☐ Intelligence Policy and Review, Office of |
| | _____ | | ☐ | ☐ INTERPOL, U.S. National Central Bureau |
| | _____ | | ☐ | ☐ Justice Management Division Staff: _____ |
| ☐ | ☐ Antitrust Division | | | |
| ☐ | ☐ Bureau of Alcohol, Tobacco, Firearms and Explosives | | ☐ | ☐ Justice Programs, Office of |
| ☐ | ☐ Civil Division | | ☐ | ☐ Legal Counsel, Office of |
| ☐ | ☐ Civil Rights Division | | ☐ | ☐ National Drug Intelligence Center |
| ☐ | ☐ Community Relations Service | | ☐ | ☐ Pardon Attorney, Office of |
| ☐ | ☐ Community Oriented Policing Services | | ☐ | ☐ Professional Responsibility Advisory Office |
| ☐ | ☐ Criminal Division | | ☐ | ☐ Professional Responsibility, Office of |
| ☐ | ☐ Dispute Resolution, Office of | | ☐ | ☐ Solicitor General, Office of |
| ☑ | ☐ Drug Enforcement Administration | | ☐ | ☐ Tax Division |
| ☐ | ☐ Environment & Natural Resources Division | | ☑ | ☐ U.S. Attorneys, Executive Office for |
| ☐ | ☐ Federal Bureau of Prisons | | ☐ | ☐ U.S. Marshals Service |
| ☑ | ☐ Federal Bureau of Investigation | | ☐ | ☐ U.S. Parole Commission |
| ☐ | ☐ Federal Detention Trustee, Office of | | ☐ | ☐ U.S. Trustees, Executive Office for |
| ☐ | ☐ Foreign Claims Settlement Commission | | ☐ | ☐ _____ |

Requester: _Shanell A. James_

Ref: _Case No. 03-20452-CR_

Date of Request: _November 10, 2004_

Received By: _FOIA/PA Mail Referral Unit_          Type of Request: _FOI/PA_

Remarks: _Requester advised of this referral._

FORM JMD-481
Rev. Mar. 2004

```
*********************************************************************************
                                 DOCUMENT 2
*********************************************************************************
```

**U.S. Department of Justice**

*Washington, D.C. 20530*

JAN 0 3 2005

Shanell A. James                                    Re:  Case No. 03-20452-CR
Reg. No. 69829-004
Unit:  F-B
F.C. I. - Otisville
P.O. Box 1000
Otisville, NY  10963

Dear Ms. James:

Your Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ).   Federal agencies are required to respond to a FOIA request within twenty business days.   This period does not begin until the request is actually received by the component within the DOJ that maintains the records sought.

We have referred your request to the DOJ component(s) you have designated or, based on descriptive information you have provided, to the component(s) most likely to have the records. The component(s) to which your request has been forwarded are indicated on the enclosed FOIA/PA Referral/Action Slip.   All future inquiries concerning the status of your request should be addressed to the office(s) listed below:

> FOIA/PA
> Drug Enforcement Administration
> Department of Justice
> 700 Army Navy Drive
> Arlington, VA  22202
> (202) 307-7596
>
> FOIA/PA
> Executive Office for U.S. Attorneys
> Department of Justice
> Room 7300, 600 E Street, NW
> Washington, DC  20530
> (202) 616-6757

James                                                                          Page 2


                    FOIA/PA
                    Federal Bureau of Investigation
                    Department of Justice
                    935 Pennsylvania Avenue, NW
                    Washington, DC 20535
                    (202) 324-5520

Your request also designated organizations outside of the Department of Justice as indicated
below and will have to be resubmitted by you directly to them.*

Sincerely,


Ronald L. Deacon, Director
Facilities and Administrative
    Service Staff
Justice Management Division

Enclosure
Freedom of Information Act/Privacy Act
    Referral/Action Slip

*Bureau of Customs and Border Protection, Washington, DC  20229

```
********************************************************************************
```

DOCUMENT 3

```
********************************************************************************
```

**U.S. Department of Justice**

Drug Enforcement Administration

---

February 15, 2005

Request Number:    05-0524-P

Subject of Request:    JAMES, SHANELL ANTONIE

FCI OTISVILLE
P.O. BOX 1000
OTISVILLE, NY 10963

DEAR SHANELL A. JAMES:

The Drug Enforcement Administration (DEA) has received your Freedom of Information/Privacy Act (FOI/PA) request and placed it on a list of requests awaiting processing. In order to expedite all requests that require retrieval, processing and duplication of documents, your request will be handled in chronological order based on the date of this letter.

Your request has been assigned the above number. Please include this number in any future correspondence to this office regarding this request.

This letter confirms your obligation that by filing your request, you have implicitly agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00, unless you seek a waiver of fees (28 C.F.R. 16.3 (c)).

Please be assured that your request is being handled as equitably as possible. Upon completion of the processing, you will be notified of all applicable fees, and payment will be required prior to release of any records. If there are not fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DOCUMENT 4

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This letter was also sent to:
Bureau of Customs and Border Protection
Disclosure Law Branch (Mint Annex)
1300 Pennsylvania Avenue, N.W
Washington, D.C. 20229

Shanell James
Reg. No. #69829-004
FCI Otisville
P.O. Box 1000
Otisville, NY 10963
Unit F-B
February 22, 2005

Drug Enforcement Administration
Freedom of Information Operations Unit
  Department of Justice
700 Army Navy Drive
Arlington, V.A. 22202

RE:    Freedom of Information Act request number 05-102
Dear F.O.I.O.U.

    I Shanell James am currently committed to the above mention Federal
Facility. I write to request case records in reference to Case No.
03-20452-CR, heard in the Southern District of Florida. This request is the
pursuant to Freedom of Information Act (FOIA), 5 U.S.C. sec. 552, and Privacy
Act 5 U.S.C. § 552a.

    I specifically request Lab Analysis Report prepared by your agency.
This in reference to the above mentioned Federal Criminal Case No.
03-20452-CR. Also, any additional records or documents in relation to case.
Including any audio, Video, or Photographs of Surveillance in the above case.
Date of Arrest 05/28/03, Arresting Agency (I.C.E.).

    As you know, the Freedom of Information Act provides that if portions
of a Document are exempt from release, the remainder must be segregated and
disclosed. Therefore, I will expect you to send Me all nonexempt portions
of the records which I have requested, and humbly ask that you justify any
deletions with reference to specific exemptions of FOIA.

    The information requested is not to be used for commercial benefit,
so I do not expect to be charged fees for your review of the Material to
see if it fall within one of FOIA's exemptions.

    As you know the FOIA provides for the wavier or reduction of search
and duplication fees where the disclosure of the information is in the public
interest because it is likely to contribute significantly to public
understanding of the operations or activities of the government and is not
primarily in the commercial interest of the requester.

    In conclusion, I request the above document(s) as I research the above
criminal case in which I have no record. Please be advised that I'm currently

economically challenge, and have no community support. So I humbly request that any fees associated with this request be waived. Thank You.

Respectfully Submitted,

Shanell James

**Note:** When responding to this request/correspondence. Please label sending envelope, or package <u>Legal Mail/ Open in the presence of Inmate.</u> This is to protect my confidence.

*************************************************************************

DOCUMENT 5

*************************************************************************

## U.S. CUSTOMS SERVICE

2 of 2

NO. 2296658

**CUSTODY RECEIPT**
**FOR**
**SEIZED PROPERTY**
**AND**
**EVIDENCE**

Handbook 5200-09

1. FPF No.  2 0 0 3 5 2 5 6 0 0 0 7 0 2 - 0 1

2. Incident No.  2 0 0 3 S A 0 0 0 7 4 1 3 0 1

3. Investigative Case No.  N 1 3 H 2 0 3 M 1 0 2 9 4

| 4. Prior Detention? Yes ☐ No ☑ If yes, CF 6051D No. _____ | 5. Date Seized (mm/dd/yyyy) 05 / 25 / 2003 | 6. Time Seized (Use 24 Hrs) 2300 | 7. FDIN/Misc. |
|---|---|---|---|

8. Seized From:
Name: SHANELL A. JAMES.
Address: 117 PLEASANT RIDGE
TRENTON, N.J. 08611
Telephone No. (   )    Ext:

9. Entry No. CF 6059B.

10. Seal or Other ID Nos.

11. Remarks:
TOT: S/A Medina

12. Send Correspondence to:

### 13. PROPERTY ( By Line Item) Attach CF 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty. | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 1 | PELLETS SAID TO CONTAIN "HEROIN" | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

14. Seizing Officer  KIRK / J  #35388
Print Name          Signature          05 / 25 / 2003
                                        Date

### 15. ACCEPTANCE/CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 1 | PELLETS STC HEROIN 126 | | | 5/26/03. |
| 1 | PELLETS STC HER. 126 R | | | 5/27/03 |
| 1 | Pellets STC L. 126. | | 37 | 5/37/03 |
| 1 | PELLETS STC HER 126 | | 9 | 05/27/03 |
| 1 | PELLETS STC HER 126, J | | | 5/28/03 |

CF 6051A Continuation Sheet Attached? Yes ☑ No ☐

Customs Retains Original

Customs Form 6051S (11/01)

00029

## U.S. CUSTOMS SERVICE

NO. 2296661

**CUSTODY RECEIPT**
**FOR**
**SEIZED PROPERTY**
**AND**
**EVIDENCE**

Handbook 5200-09

**1. FPF No.**
Z 0 0 5 5 2 0 6 C 0 0 7 0 2 - 0 1

**2. Incident No.**
Z 0 0 5 5 A 0 0 0 7 4 1 3 0 1

**3. Investigative Case No.**
N I 1 3 H E 0 5 M I 0 2 9 4

| 4. Prior Detention? Yes ☐ No ☑ If yes, CF 6051D No._____ | 5. Date Seized (mm/dd/yyyy) 05/25/2003 | 6. Time Seized (Use 24 Hrs) 2300 | 7. FDIN/Misc. |
|---|---|---|---|

**8. Seized From:**
Name: SHANELL A. JAMES
Address: 117 PLEASANT RIDGE
TRENTON, NJ 08611
Telephone No. (   )          Ext:

**9. Entry No.** CF 6059 3

**10. Seal or Other ID Nos.**

**11. Remarks:**
TOT: S/A Medina

**12. Send Correspondence to:**
U.S. CUSTOMS P.O. BOX 997930. miami, FL. 33299-7930

### 13. PROPERTY ( By Line Item) Attach CF 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty. | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 1 | Pellets "STC" "HEROIN" | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

**14. Seizing Officer**
Print Name: ▮▮▮/J #35388     Signature     Date 05/25/2003

### 15. ACCEPTANCE/CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 1 | Pellets STC Her (126) | ▮▮▮▮ CBP | ▮▮▮ 93 | 5/28/03 |
| 1 | Pellets STC Her (126) | ▮▮▮▮ | ▮▮▮ | 5/28/03 |
| 1 | Pellets STC Her (126) | JT ▮▮▮▮ | ▮▮▮ | 5/28/03 |
| 1 | Pellets STC Her | ▮▮▮▮ | ▮▮▮ 8 | 5/29/03 |
| 1 | Pellets STC Her | M ▮▮▮ Welle | ▮▮▮ | 5/28/03 |
| 1 | Pellets STC Heroin | ▮▮▮▮ | ▮▮▮ | 05/29/03 |

TOT to DEA SERL on 05/29/03
136387 Lab #,

CF 6051A Continuation Sheet Attached? Yes ☐ No ☐

Customs Retains Original          Customs Form 6051b (11/01)

00027

**U.S. CUSTOMS SERVICE** 1 of 3

NO. 2296871

**CUSTODY RECEIPT**
**FOR**
**SEIZED PROPERTY**
**AND**
**EVIDENCE**

Handbook 5200-09

1. FPF No.
`2 0 0 3 5 2 0 6 0 0 0 7 0 2 - 0 1`

2. Incident No.
`2 0 0 3 S A 0 9 0 0 4 1 1 0 1`

3. Investigative Case No.
`N I 1 3 F E C S H I C 2 9 4`

4. Prior Detention?
Yes ☐  No ☐  If yes, CF 6051D No._____

5. Date Seized (mm/dd/yyyy)  05 / 25 / 2003
6. Time Seized (Use 24 Hrs) 2300
7. FDIN/Misc.

8. Seized From:
Name: SHANELL A. JAMES
Address: 117 PLEASANT RIDGE
TRENTON, N.J. 08611
Telephone No. (    )          Ext:

9. Entry No.
CF 6059B

10. Seal or Other ID Nos.

11. Remarks:
TOT: S/A Medina

12. Send Correspondence to: CBP P.O. Box 997930 Miami, FL 33299-7930

**13. PROPERTY ( By Line Item) Attach CF 58 if conveyance**

| a. Line Item No. | b. Description | c. Packages Number | c. Packages Type | d. Measurements Qty. | d. Measurements UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 1 | PELLETS SAID TO CONTAIN "HEROIN" | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

14. Seizing Officer
KIRK / J.  #35388     05/25/2003
Print Name            Signature            Date

**15. ACCEPTANCE/CHAIN OF CUSTODY**

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 1 | PELLETS HEROIN 20 | ▓▓▓▓ | ▓▓▓▓ | 05-25-03 |
| 1 | PELLETS HEROIN 20 | ▓▓▓▓ | ▓▓▓▓ | 05-25-03 |
| 1 | PELLETS HEROIN 50 | ▓▓▓▓ | ▓▓▓▓ | 05-26-03 |
| 1 | PELLETS HEROIN 50 | ▓▓▓▓ | ▓▓▓▓ | 05-26-03 |
| 1 | PELLETS HEROIN 126 | ▓▓▓▓ | ▓▓▓▓ | 5/26/03 |

CF 6051A Continuation Sheet Attached? Yes ☒ No ☐

Customs.Retains Original

Customs Form 6051S (11/01)

00028

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DOCUMENT 6

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LAW OFFICES
# KENNETH J. KUKEC
PROFESSIONAL ASSOCIATION
One Biscayne Tower, Twenty-Sixth Floor
Two South Biscayne Boulevard
Miami, Florida 33131-1802
Telephone 305/358-2000
Facsimile 305/358-1233
E-Mail kukec@bellsouth.net

September 16, 2003

Mr. Shannell A. James
Reg. No. 69829-004
FDC-Miami
P.O. Box 019118
Miami, FL 33101-9118

**Re: U.S. v. James et al., 03-20452-583-CR-Ungaro-Benages**

Dear Mr. James:

Pursuant to your request at our conference at FDC-Miami on September 9, 2003., enclosed is a copy of the lab report provided by the prosecution in discovery.

It was a pleasure meeting with you. Please feel free to call or write if you have any questions or would like to discuss any matter concerning your case.

Very truly yours,

KENNETH J. KUKEC

kjk:dt
enclosure

Read Instructions on Reverse
before completing

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED (Check) | | | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|---|
| ☐ Purchase ☒ Seizure ☐ Free Sample | | | | MI13HE03MI0294 | 334 | |
| ☐ Lab. Seizure ☐ Money Flashed ☐ Other (Specify | | | | | | |
| ☒ Internal Body Carry ☐ Compliance Sample (Non-Criminal) | | | | | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Miami, Florida (MIA) | 05/28/03 | Shanell Antoine JAMES |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|---|
| U.S. CUSTOMS SERVICE | ☐ Case No. OR ☒ Seizure No. 2003520600070201 | | 05/28/03 | Airport Narcotics Group 7 |

| 9. Exhibit No. | 10. FDIN 18 characters | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 1 | | Heroin | Pellets STC Heroin | 2.38 lbs | 1082.3 g | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?**  ☒ NO (Included above)  ☐ YES (If Yes, enter exhibit no. and describe original container fully)

REMARKS:

On 05/25/02, Shanell Antoine JAMES entered the U.S. via Miami International Airport aboard American Airlines flight #1880 from Curacao. JAMES was subsequently arrested for attempting to smuggle approximately 2.38 lbs. of heroin, as an internal courier, into the United States.

NOTE: Case Agent is Chinelle MEDINA

| 17. SUBMITTED BY SPECIAL AGENT (Signature) | 18. APPROVED BY (Signature & Title) |
|---|---|
| S/A Chinelle Medina | G/S Thomas Chafey |

### LABORATORY EVIDENCE RECEIPT REPORT

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| 1 | 05/29/03 | Hal Bradley S/A ICE 34624 |
| 22. SEAL ☐ Broken ☒ Unbroken | 23. RECEIVED BY (Signature & Date) 5-27-3 | 24. Print or Type NAME and TITLE G. |

### LABORATORY REPORT

**25. ANALYSIS SUMMARY AND REMARKS**

136387

| 26. Exhibit No. | 27. Lab No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| | | |

| 37. APPROVED BY (Signature & Date) | 38. TITLE | 39. LAB. LOCATION |
|---|---|---|
| | | 00026 |

DEA Form
(Sept. 1995) - 7

Previous edition dated 4/90 may be used until stock is exhausted.

1 - Prosecutive

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DOCUMENT 7

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



**U.S. Department of Justice**

**Drug Enforcement Administration**

MAR 0 1 2005

*Washington, D.C. 20537*

March 1, 2005

Request Number:        05-0524-P

Subject of Request:    JAMES, SHANELL ANTONIE

FCI OTISVILLE
P.O. BOX 1000
OTISVILLE, NY 10963

DEAR SHANELL A. JAMES:

Your Freedom of Information/Privacy Act request to the Drug Enforcement Administration (DEA) has been reviewed. The paragraph below applies:

A review of DEA indices indicates that based on the information you provided as search criteria, the DEA has located no records which are responsive to your request.

If you wish to appeal any denial of your request, you may do so within 60 days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIPA" Appeal".

Co-Director
Office of Information and Privacy
FLAG Building, Suite 570
Washington, D.C. 20530

Sincerely,

Katherine Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DOCUMENT 8

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Shanell James
Register No. #69829-0
F.C.I. Otisville
P.O. Box 1000
Otisville, N.Y. 10963
Unit F-B
March 8, 2005

Office of Information and Privacy
Co-Director
LAG Building, suite 570
Washington, D.C. 20530

RE: FOIA/PA Appeal request no.(s) 1012051-001
25-102, 05-524

Dear Co-Director;

      I Shanell James am currently committed to the above Federal facility write to appeal the above reference request umbers regarding Freedom of Information nd Privacy Act. This appeal is pursuant o 28 C.F.R. 16.9.

The original request was an effort to otain documents relation to Federal criminal ase no. 03-20452-CR. This case was eard in the Southern Distric of Flordia Miami). Presiding under the Honorable Distric udge Ursula Ungaro-Benages. The arresting gency is I.C.E, arrest date 05/28/03

The record document(s) I seek is a Lab Analysis Report prepared by ICE in which alleged seized narcotics was analyzed by the Drug Enforcement Administration. I've also requested any audio video or photographs of surveillance in relation to the above mentioned case.

The initial FOIA/PA request was filed with the U.S Department of Justice, Freedom of Information and Privacy Act referral unit. Who then forwarded it to the following agencies:

1) Executive Office for United States Attorneys
   FOIA/PA
   Department of Justice
   600 E Street, N.W. Room 7300
   Washington, D.C. 20530

2) Federal Bureau of Investigation
   FOIA/PA
   Department of Justice
   935 Pennsylvania Avenue, N.W
   Washington, D.C. 20535

3) Drug Enforcement Administration
   FOIA/PA
   Department of Justice
   700 Army Navy Drive
   Arlington, V.A. 22202

It was in one correspondence that I received from DOJ FOIA/PA referral unit that noted that the Bureau of Customs and Border Protection (newly know as ICE) it stated that I would have to re-submit a request directly. Because that agency is outside of the DOJ.

Presently I written these agencies and have been unsecessful in getting the information I seek

In conclusion I appeal to your office to request the above mention records and document(s) and/or to re confirm that they don't exist. Enclosed within this appeal is various letter detailing the response I've received from the agencies involved. (Excluding the Bureau of Customs and Border Protection, to which I expect a reply shortly). Please be advised that I'm currently economically challenge and have no community support. I humbly request that any fees associated with this appeal and request be waived. Thank you.

Subscribed and sworn to before me
this ___ day of MAR 2005
JULIE A. TIMINS
Notary Public State of New York
No. 01TI6100268
Qualified in Orange County
Commission Expires Oct. 14, 2007

Respectfully Submitted,

Shanell James

Shanell James

```
*****************************************************************************

                              DOCUMENT  9

*****************************************************************************
```

**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642                    Washington, D.C. 20530

MAR 2 4 2005

Mr. Shanell James
Register No. 69829-004, Unit F-B
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963

     Re: Request No. 05-524

Dear Mr. James:

     This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration on your request for information from the files of the Department of Justice was received by this Office on March 17, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-1298**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                Sincerely,

                Priscilla Jones
                Chief, Administrative Staff

```
*************************************************************************
                            DOCUMENT 10
*************************************************************************
```

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                      _Washington, D.C. 20530_

**JUN 0 6 2005**

Mr. Shanell James
Register No. 69829-004, Unit F-B
Federal Correctional Institution    Re:  Appeal No. 05-1298
Post Office Box 1000                     Request No. 05-524
Otisville, NY  10963                     RLH:ADW:JTR

Dear Mr. James:

    You appealed from the action of the Drug Enforcement
Administration on your request for access to records concerning you,
specifically including a "lab analysis report" you believe was
prepared by the DEA for use in your criminal case, No. 03-20452.

    After carefully considering your appeal, I have decided to
affirm the DEA's action on your request.

    The DEA informed you that it could locate no records responsive
to your request.  It has been determined that the DEA's response is
correct.

    You mentioned both U.S. Customs and Border Protection and U.S.
Immigration and Customs Enforcement (ICE) in your correspondence with
the DEA and this Office.  If you have not done so already, you may
wish to submit separate FOIA requests for the information you seek to
these components of the Department of Homeland Security.  The
addresses for U.S. Customs and Border Protection and ICE,
respectively, are:

                Freedom of Information Act Request
                U.S. Customs Service
                1300 Pennsylvania Avenue NW.
                Washington, D.C.  20229

                Director
                Freedom of Information Act/Privacy Act Program
                425 Eye Street NW., 2nd Floor
                ULLICO Building
                Washington, D.C.  20536

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DOCUMENT 11

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**U.S. Department of Justice**
United States Marshals Service

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL

United States District Court
for the
District of ~~Columbia~~

TO: ⌐ ⌐

Dept. of Homeland Security
Office of General Counsel
Washington, DC 20528
Attn: Frances Adams

Civil Action, File Number  06-552  RBC

Shanell Janes

V.

US Customs & Border Protection

The enclosed summons and complaint are served pursuant to the Federal Rules of Civil Procedure.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within ____ days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within ____ days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within ____ days of the date those documents were sent. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

8/4/06

Date of Signature

Signature (USMS Official)

06-552        8-4-06

DGMENT OF REC          D COMPLAINT

at I rec          complaint in the above captioned manner at

A.
☐ Agent
☐ Addressee

X.

B. Received by ( Printed Name )       C. Date of Delivery

er and Street Name or P.O. Box No.

D. Is delivery address different from item 1? ☐ Yes
IF YES, enter delivery address below: ☐ No

Frances Adams

AUG 9 2006

d Zip Code

FILED

AUG 30 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**SENDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dept. of Homeland Security
Office of General Counsel
Attn: Frances Adams
Washington, DC

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label) SERVICE ACCEPTED IN OFFICIAL CAPACITY ONLY

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

Entity/Authority to Receive

Date of Signature

Form USM-299

********************************************************************************

DOCUMENT 12

********************************************************************************



U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536

**U.S. Immigration
and Customs
Enforcement**

DIS 2-01 OI:MS:ID
06-FOIA-19650 MKM

MAR 20 2007

Mr. Shanell James
Reg. No. #69829-004
FCI Otisville Unit F-B
P.O. Box 1000
Otisville, New York 10963

Dear Mr. James:

On March 22, 2005, U.S. Customs and Border Protection (CBP) forwarded your Freedom of
Information Act (FOIA) request dated February 22, 2005, to this agency for our response.

Please excuse our tardiness in responding to your request. We currently have a tremendous
backlog that has adversely impacted our response time to the public. However, it has not
impacted the quality of our service and our dedication to the public at large.

Please be advised that we have located twelve pages of records responsive to your request and
have determined that they will be released to you with deletions pursuant to exemptions (b)(2)
and (b)(7)(C) of the FOIA.

If there are any other identifiable records responsive to your request, they would be in our
Offices of the Special Agent in Charge in Miami, Florida. Therefore, your request has been
forwarded to that office for a direct response to you. Further enquiries concerning this matter
should be directed to the Special Agent in Charge, U.S. Immigration and Customs
Enforcement, 8075 North West 53rd Street, Miami, Florida 33166 (Telephone: (305) 664-2955)

If you are dissatisfied with the adequacy of our search or the partial denial of your request for
disclosure, you may appeal this determination, in writing, within 60 days after the date of this
notification to the Associate General Counsel (General Law), Department of Homeland
Security, Washington, DC 20528. Please reference case number 06-FOIA-19650 in all future
correspondence regarding this request.

Mr. Shanell James
Page 2 of 2


Enclosed is an information sheet pertaining to exemptions from disclosure under the FOIA, your right to administrative appeal and judicial review.

Sincerely,

Gloria L. Marshall
Chief, Information Disclosure Unit
Mission Support Division
Office of Investigations

Enclosures

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DOCUMENT 13

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Shanell James
Register No. 69829-004
Metropolitan Detention Center -Brooklyn
80 -29 th Street
Brooklyn ,New York 11232
August 21, 2007

Department of Homeland Security
Immigration & Customs Enforcement
Washington ,DC 20528
% : Chief FOIA Officer

Re: "Freedom of Information /Privacy Act"
Request for Information

Dear Chief FOIA Officer;
                    I Shanell James
write your agency to request information
pursuant to Title 5, United States Code, Section
552 & 552 (a), "Freedom of Information /Privacy Act".
The following information is to be used as
Search criteria for "Lab Analysis Report"
generated by Special Agent Chinell Medina, I.C.E
(Miami Office)
FP&F No.  20035206000702 -01
Incident No. 2003SA 000741301 (also Seizure No.)
(1)

Date of referral (seized property): 5/28/03

Submitted by: Special Agent Chinelle Medina

Approved by: G/S Thomas Chafey

Agency referred to for Analysis: Drug Enforcement Administration

Custody Receipt for Seized Property and Evidence:

No. 2296661

Taken to DEA's Southeast Regional Laboratory on:

5/29/03

Person Accepting chain of Custody: Special Agent Val Bradley (ICE badge No. 34624)

Lab #: 136387

Indictment No: 03-2712 - O'Sullivan

I request the completed "Lab Analysis" form when recieved from Drug Enforcement Administration's Southeast Regional Laboratory and the forensic analyzation of seizure. In which field # 25 (of Laboratory Report) declares "Analysis Summary and Remarks" as the results of such test. In addition, the analyzed substance was returned on 7/15/03 by Special Agent Val Bradley, badge No. 34624. The substance was recieved in bag with Seal No. 077572, and referenced to Custody Receipt for Seized Property and Evidence under No. 2296661.

(2)

AS you know the FOIA/PA provides for exemptions for agencies. If your agency decides to use any exemptions (eg. un warranted invasion of privacy, internal pratices, etc.) I humbly request that you "black out" the specific portions that apply, and leave the remaining unexempt for release to me.

Additionally, I assert that the above requested information/record pertains directly to me. in Indictment No. 03-2712-O'Sullivan, Federal Conviction No. 03-20452-Ungaro-Benages.
My full name is Jhanell Antonie James
My date of birth: May 18, 1975
Social Security NO: 116·60·1557

In conclusion, I humbly and respectfully ask that the aforementioned "Lab Analysis Report" be provided. I also would like to advise you that I'm will to pay no more that $5.00 dollars for any fees associated with the release of document. Please feel free to contact me at the above address for any needed information

Gratefully Submitted,

Date:

(3)

<u>Certificate of Service</u>

I Shanell James, Requestor certify that a copy of "Freedom of Information / Privacy Act" request, was mailed at Metropolitan Detention Center (MDC)-Brooklyn's mailroom on _____ with first-class postage prepaid and affixed. In addition it was Certified under No. _____ and sent to;

      Department of Homeland Security
       Immigration & Customs Enforcement
      Washington, DC 20528
      % : Chief FOIA Officer

                  _____
                  Shanell James
                  Requestor

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DOCUMENT 14

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**U.S. Department of Justice**

Drug Enforcement Administration

NOV 14 2007

---

Case Number: 07-0403-P

Subject: JAMES, SHANELL A. (EOUSA FOI/PA #05-102)

Referred to DEA by: EXECUTIVE OFFICE FOR U.S. ATTORNEYS (EOUSA)

Shanell A. James
Reg. No. 69829-004
FCI Otisville – Unit FB
P.O. Box 1000
Otisville, New York 10963

Dear Shanell A. James:

The Drug Enforcement Administration (DEA) has completed its review of the referred DEA document pursuant to your Freedom of Information/Privacy Act request to the above agency.

A determination has been made to deny your request pursuant to the Freedom of Information Act, 5 U.S.C. 552 and/or the Privacy Act, 5 U.S.C. 552a. Please refer to the list enclosed with this letter that identifies the authority for withholding the deleted material, which is indicated by a mark appearing in the block next to the exemption. An additional enclosure with this letter explains these exemptions in more detail.

If you wish to appeal any denial of your request, you may do so within sixty (60) days from the date of this letter pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

DEPARTMENT OF JUSTICE
OFFICE OF INFORMATION AND PRIVACY
NYAV BLDG., 11TH FLOOR
WASHINGTON, D.C. 20530

Sincerely,

Katherine Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosure

Number of pages withheld:   1

Number of pages released:   0

Number of pages referred:   0

Number of pages consulted:  0

**APPLICABLE SECTIONS OF THE FREEDOM OF INFORMATION AND/OR PRIVACY ACT:**

Freedom of Information Act
5 U.S.C. 552

Privacy Act
5 U.S.C. 552a

[ ] (b)(1)      [ ] (b)(5)       [X] (b)(7)(C)       [ ] (d)(5)       [ ] (k)(2)

[ ] (b)(2)      [X] (b)(6)       [ ] (b)(7)(D)       [X] (j)(2)       [ ] (k)(5)

[ ] (b)(3)      [ ] (b)(7)(A)    [ ] (b)(7)(E)       [ ] (k)(1)       [ ] (k)(6)

[ ] (b)(4)      [ ] (b)(7)(B)    [ ] (b)(7)(F)

```
**************************************************************************
                             DOCUMENT 15
**************************************************************************
```

Shanell James
Register No. 69829-004
Metropolitan Detention Center - Brooklyn
80-29th Street, (Unit K-83)
Brooklyn, New York 11232
December 13, 2007

Department of Justice
Co-Director
Office of Information and Privacy
Navy Building., 11th floor
Washington, DC 20530

Re: "FOIA Appeal" of Case Number. #07-0403-P, also
referenced in request No. #05-102

Dear Co-Director;

I Shanell James submit this "FOIA
Appeal" pursuant to 28 C.F.R. 16.9. I'm appealing the
decision made by the Drug Enforcement Administration's
Operation Unit Chief, Katherine L. Myrick, for FOI/
Records Management Section, who made the deter-
mination to deny my request pursuant to Freedom
of Information Act 5 United States Code Section(s)
552, and/or the Privacy Act, 5 United States Code,
Section(s), 552(a) using the following exemptions;

<u>Freedom of Information Act</u>: (b)(6) Materials contained
in sensitive records such as personnel or medical files,
the disclosure of which would constitute a clearly
unwarranted invasion of personal privacy;

(b)(7)(c) Could reasonably be expected to constitute an
unwarranted invasion of personal privacy;

<u>Privacy Act</u>: (j)(2) Material reporting investigative efforts

pertaining to the enforcement of criminal law including efforts to prevent, control or reduce crime or apprehend criminals.

The DEA has chosen to apply the aforementioned exemptions in error for one document. I've specifically sought a "Lab Analysis" report generated/prepared by the U.S. Customs Service in regards to Indictment No. 03-2712 - O'Sullivan, of Federal Criminal Case No. 03-CR-20152-UUB. Other submitted information to be used as search criteria is Seizure No. 2003520600702-01, File No. MI13 HEOTI0294, and Lab No. # 136387.

This referral was submitted to the DEA's Southeast Laboratory to perform a forensic analysis of seizure, which was alleged to be an illegal controlled substance. The sought Lab Analysis report is not an "personnel or medical file" (Exmpt (b)(6)), regarding any federal law enforcement employee(s). This document was by U.S. Customs Service, Special Agent Chinell Medina (I.C.E), who then referred seizure to DEA for a comprehensive forensic Analysis. I believe this was to get a determination of it's chemical make-up, and to also find out the "potentacy", if it was positively determined that the seizure (2003520600 0702-01) was an illegal controlled substance.

The analysis of this seizure was/is the most important information needed to determine any possible sentence impose, to which the seizure's weigh is referenced and relied upon to determine the exact offense level (Base), and it application in regards to Federal Sentencing Guidelines § 2D1.1 "Drug Quantity Table".

-2-

. The Sought document ... either could not possibly be "an unwarranted invasion of personal privacy". For the Soughted document only discloses the name of person who generated the report, and the name of persons(s) involved in the chain of custody, of who accepted the acompanying seizure, and the supervising official. In addition, the forensic chemist who performed the Analysis of seizure, and the supervising official who reviewed the analyzing chemist finding. (see enclosed photo copy of the un-completed "Lab Analysis Report)

. I theorized that the names listed on this soughted document is to provide accountability if any discrepancy arised regarding the handling of seizure, and/or the determination of it's genetic make-up (analyzation), and/or the the handling of the custody of the seizure leading up to analyzation. The application of this exemption cited by the DEA that's denying my FOIA request is not relevant to be used with regards to this soughted document.

Furthermore, if this Honorable Office finds that the DEA properly applied this exemption, I ask that it be used on the pertaining sections (blacking out) of the Soughted document, so that any un warranted invasion of personal privacy, is not compromisied in a possible release of the soughted document.

Lastly the Exmpt (j)(2) has been applied and cited in err. For the Soughted document is not "Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or

—3—

reduce crime or apprehend criminals. The sought document does not apply to the exemption for several reason. The analysis of the seizure is to establish criminal culpability to which I have a right to challenge. This document was already released in the "discovery" phase of Federal Criminal Case No. 03-CR-20452-UUB. Furthermore, the sought record is "exculpatory" to which I'm now challenging in associated Civil litigation. This sought document is believed to be part of an possible error, or "intrinsic fraud" in the process of prosecution in Criminal Case No. 03-CR-20452-UUB.

. Previously on February 22, 2005 I submitted a "FOIA" request to the DEA, seeking the same "Lab Analysis" report (completed) now sought. Shortly after the DEA denied my request stating that "the DEA has located No records which are responsive to your (my) request", dated March 1, 2005.

On March 8, 2005, I submitted a "FOIA Appeal" to this Honorable Office. It was recieved by your office on March 17, 2005, and it was assigned number #05-1298.

Then on June 6, 2005, your office affirmed the DEA's action on my request. This Honorable Office agreed that the determined DEA's response was/is correct. Now two years later, I submitted a new request (Sept/Oct 2007) pursuant to FOIA/PA for the same Laboratory Analysis Report to DEA, and now the agency cites that the sought document is exempt from release. This is especially contradictory to it's 2005 response when it was stated that "no records responsive to request",

-4-

In conclusion, I again petition this Honorable Office to review the particulars associated with his appeal, and grant my request to have the requested "FOIA" document released. I pray that this office agrees that the aforementioned exemption cited by the DEA are not applicable to this soughted records. In addition, it is also hoped that this might avoid any possible (future) litigation. Enclosed you'll find several corresponding letter from me, the DEA, and your office, dating back over two years ago. I thank you for your time, consideration, and service in this matter.

Sincerely,
Shanell James
Register No. 69829-004
Metropolitan Detention Center-Brooklyn
80-29th Street (Unit K-83)
Brooklyn, New York 11232

Note: I would also humbly like to request photo copies of this enclose FOIA Appeal, and the accompanying documents. Thank you.

-5-

```
********************************************************************************
                                DOCUMENT 16
********************************************************************************
```

 

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642

Washington, D.C. 20530

JAN 0 8 2008

Mr. Shanell A. James
Register No. 69829-004
Metropolitan Detention Center
Post Office Box 329002
Brooklyn, NY 11232

      Re: Request No. 07-0403-P

Dear Mr. James:

      This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration was received by this Office on January 4, 2008.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **08-0675**. Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                     Sincerely,

                     Priscilla Jones
                     Supervisory Administrative Specialist

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DOCUMENT 17

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DOCUMENT 20

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Witness List:**

(B.I.C.E.) Bureau of Immigration and Customs Enforcement
Office of Investigations
8075 NW 53rd Street
Miami, FL 33166
(786) 265-6900

Special Agents:



Case Agent
Secondary Agent

(B.C.B.P.) Bureau of Customs and Border Protection
Director Passenger Processing
Miami International Airport
P.O. Box 997930
Miami, FL 33166
(786) 265-5602

B.C.B.P. Inspectors:

Seizing Officer – present during JAMES' x-ray

witnessed JAMES' x-ray

Drug Enforcement Administration
Dea Chemist –
DEA Southeast Regional Laboratory
5205 NW 84th Avenue
Miami, FL 33166
(305) 590-4830
(305) 590-4960 - fax

*Trial*
*Prep*
*for JAMES*

*All deletions b6, b7C, J2*

************************************************************************

DOCUMENT 21

************************************************************************

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Shanell James | ! |
| Plaintiff | ! |
| | ! |
| | ! |
| -against- | ! Civil Action No. |
| | ! 06-0562 (RMC) |
| | ! |
| U.S. CUSTOMS & BORDER PROTECTION | ! |
| Defendant | !! |

## MOTION FOR "WRIT OF MANDUMUS"

N O W   C O M E S, Plaintiff shanell James, and moves this Hon-
orable Court pursuant to rule 28 of the Federal Rules of Civil Pro-
cedure, for "Writ of Mandamus". In support hereof, Plaintiff  avers
and shows;

### FACTUAL BACKGROUND

1) On Friday, April 20, 2007, plaintiff was transfered   from
(housing facility) FCI-Mckean, Bradford, P.A., via "Writ" issued by
the U.S. District Court for the Eastern District of New york.During
the process before transfered Plaintiff told E. Ruiz, Inmate system
Officer (FCI-Mckean) that he had pending litigation in which he was
a Pro se litigant and needed his legal property.Ruiz told Plaintiff
that "the bus is waiting, and there's no time to get your property.
When you get to MDC-Brooklyn. Have someone email me, and I'll  send
it in the mail."

2) Upon Plaintiff's arrival at MDC-Brooklyn  April  24, 2007.
Plaintiff explained his woes to correctional counselor  B. Sommer-

vill of Housing Unit K-83. Who contacted E. Ruiz and other staff at
FCI-Mckean requesting Plaintiff's legal proeprty (see enclosed
copies of Administrative remedy which details Plaintiff various re-
quest for his property.

3) In may/2007, Plaintiff wrote this Honorable Court and re-
quested an extension of time to file proposed briefing schedule for
dispositive motions. In this letter Plaintiff advise this Honorable
Court that he was without his needed legal property, and requested
an court Order (DKT.#46) for Bureau of prisons Officals to locate
and provide his claims for relief associated with Civil Action No.
**06-0562 (RMC)**.

4) Plaintiff now moves for "Writ of Mandamus" on the grounds
that 1) he has a right to relief. For Plaintiff is a Pro se liti-
gant who is in litigantion before this Honorable court.2) Bureau of
Prisons staff has a clear duty to act and provide Plaintiff legal
property. Pursuant to 28 code of Federal Regulations, part 553.14.
3) plaintiff is without adequate remedy. Although the Bureau of
Prisons allows that an inmate may utilized the "Administrative Re-
medy" process also pursuant to 28 CFR, part 542. Plaintiff has sou-
ghted to have his issues denied. (see enclose copies of Administra-
tive remedy BP-9 (Sensitive).

5) In addition, Plaintiff believes he is without remedy be-
cause the Administrative Remedy Process is a lengthy process. Pla-
ntiff cannot adequately seek relief via this Rememdy because he is
currently engaged in the pending litigantion before this "Honorable

-2-

Court in which the Court has Ordered deadlines. He is without  his needed legal material is to effectively petition his various claims for relief in Civil Action No. **06-0562**.

6) this honorable Court has explained that a "Writ of  Mandamus" is an extraordinary remedy to be utilized only under exceptional circumstances. Furthermore the Plaintiff is aware that he bears a heavy burden of showing taht his right to writ of  mandamus  is "clear and indisputable." **Chaplaincy of Full Gospel Church v. Johnson**, 276 F.Supp 2d. 82-84 (D.D.C 2003).

Wherefore, In conclusion Plaintiff believes he is without remedy. He prays that he has demostrated his need for "mandamus" relief. If this Honorable Court agrees, Plaintiff humbly and respectfully request Court Order, ordering, Bureau of Prisons Official  at FCI-Mckean to provide Plaintiff's legal property so that he can effectively pursue his claims for relief before this Honorable Court. This request is in the pursuant of Justice, and is not frivilous.

Gratefully Submitted,

Shanell James #69829-004
MDC (Brooklyn)
80-29th Street
brooklyn, NY 11232

-3-

| | | summary judgment no later than August 14, 2007. Signed by Judge Rosemary M. Collyer on 7/31/2007. (lcrmc2) (Entered: 07/31/2007) |
|---|---|---|
| 07/31/2007 | 🔵 | Set Deadlines/Hearings: Defendant's Summary Judgment motion due by 8/14/2007. (cdw) (Entered: 08/02/2007) |
| 08/14/2007 | 🔵52 | ENTERED IN ERROR..... MOTION for Summary Judgment *[Renewed]* by UNITED STATES CUSTOMS AND BORDER PROTECTION (Attachments: # 1 Affidavit supplemental Declaration of Dorothy Pullo)(Graham-Oliver, Heather) Modified on 8/15/2007 (tg, ). (Entered: 08/14/2007) |
| 08/14/2007 | 🔵53 | MOTION for Summary Judgment *[Renewed]* by UNITED STATES CUSTOMS AND BORDER PROTECTION (Attachments: # 1 Affidavit Supplemental Declaration of Dorothy Pullo) (Graham-Oliver, Heather) (Entered: 08/14/2007) |
| 08/15/2007 | 🔵 | NOTICE OF CORRECTED DOCKET ENTRY: re 52 MOTION for Summary Judgment *[Renewed]* was entered in error at the request of counsel. Counsel refiled said pleading under docket entry number 53. (tg, ) (Entered: 08/15/2007) |
| 08/15/2007 | 🔵54 | Order advising Plaintiff Shanell James to respond to Defendant's renewed motion for summary judgment no later than September 15, 2007, or the Court may treat the motion as conceded. Signed by Judge Rosemary M. Collyer on 8/15/2007. Signed by Judge Rosemary M. Collyer on 8/15/2007. (lcrmc2) (Entered: 08/15/2007) |
| 08/24/2007 | 🔵55 | MOTION for Extension of Time to File Opposition to Motion for Summary Judgment by SHANELL JAMES (tg, ) (Entered: 08/27/2007) |
| 08/29/2007 | 🔵56 | MOTION for Writ of Mandamus by SHANELL JAMES (tg, ) (Entered: 08/30/2007) |
| 09/06/2007 | 🔵57 | Memorandum in opposition to 53 MOTION for Summary Judgment *[Renewed]* filed by SHANELL JAMES. (Attachments: # 1 Attachments)(tg, ) (Entered: 09/07/2007) |
| 09/12/2007 | 🔵58 | MOTION for Extension of Time to File Response/Reply as to 56 MOTION for Writ of Mandamus by UNITED STATES CUSTOMS AND BORDER PROTECTION (Graham-Oliver, Heather) (Entered: 09/12/2007) |
| 09/13/2007 | 🔵 | MINUTE ENTRY ORDER granting 58 Defendant's Motion for Extension of Time. Defendant shall file its opposition to Plaintiff's motion for writ of mandamus no later than September 18, 2007. Signed by Judge Rosemary M. Collyer on 9/13/2007. (lcrmc2) (Entered: 09/13/2007) |
| 09/17/2007 | 🔵59 | MOTION for Extension of Time to File Response/Reply *To Plaintiff's Opposition to Defendant's Motion For Summary Judgement(57)* by UNITED STATES CUSTOMS AND BORDER PROTECTION (Graham-Oliver, Heather) (Entered: 09/17/2007) |
| 09/18/2007 | 🔵60 | RESPONSE *in Opposition to 56 Plaintiff's Petition for Writ of Mandamus* filed by UNITED STATES CUSTOMS AND BORDER PROTECTION. (Graham-Oliver, Heather) Modified on 9/19/2007 (tg, ). (Entered: 09/18/2007) |
| 09/19/2007 | 🔵 | MINUTE ENTRY ORDER granting 59 Defendant's Motion for Extension of Time. Defendant shall file its reply in support of its motion for summary judgment no later than October 16, 2007. Signed by Judge Rosemary M. Collyer on 9/19/2007. (lcrmc2) (Entered: 09/19/2007) |
| 09/20/2007 | 🔵 | Set/Reset Deadlines: Defendant's reply in support of its motion for summary judgment due by 10/16/2007. (tth,) (Entered: 09/20/2007) |
| 10/05/2007 | 🔵61 | ERRATA (Statement in Support of Petition for Writ of Mandamus) by SHANELL JAMES 56 MOTION for Writ of Mandamus filed by SHANELL JAMES. (tg, ) (Entered: 10/09/2007) |
| 10/16/2007 | 🔵62 | REPLY to opposition to motion re 53 MOTION for Summary Judgment *[Renewed]* filed by UNITED STATES CUSTOMS AND BORDER PROTECTION. (nmw, ) (Entered: 10/16/2007) |
| 12/19/2007 | 🔵63 | Supplemental Memorandum in opposition to 53 Renewed MOTION for Summary Judgment *[Renewed]* filed by SHANELL JAMES. (tg, ) (Entered: 12/20/2007) |
| 01/02/2008 | 🔵64 | MOTION Requesting a Copy of 19, Code of Federal Regulations by SHANELL JAMES (tg, ) (Entered: 01/03/2008) |

**U.S. Department of Justice**

Office of Information and Privacy

_____

Telephone: (202) 514-3642                    *Washington, D.C. 20530*

**FEB 1 9 2008**

Mr. Shanell A. James
Register No. 69829-004
Metropolitan Detention Center          Re:    Appeal No. 08-0675
Post Office Box 329002                         Request No. 07-0403-P
Brooklyn, NY 11232                             ADW:CL

Dear Mr. James:

    You appealed from the action of the Drug Enforcement Administration (DEA) on records referred to it by the Executive Office for United States Attorneys (EOUSA) pursuant to your request for access to records pertaining to yourself.

    After carefully considering your appeal, I am affirming, on partly modified grounds, DEA's action on the records referred to it. These records are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.98(a) (2007). Because these records are not available to you under the Privacy Act, they have been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to them.

    DEA properly withheld this information in its entirety because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(6). This provision concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties.

    Regarding your comments about your 2005 request to DEA for a lab analysis report, please be advised that a member of my staff looked into this and discovered that EOUSA referred, and DEA withheld, material unrelated to this request. As a courtesy to you, I am enclosing copies of documents that you submitted to this Office.

    If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

Enclosure

Number of pages withheld:    1

Number of pages released:    0

Number of pages referred:    0

Number of pages consulted:   0

**APPLICABLE SECTIONS OF THE FREEDOM OF INFORMATION AND/OR PRIVACY ACT:**

Freedom of Information Act                     Privacy Act
5 U.S.C. 552                                   5 U.S.C. 552a

[ ] (b)(1)      [ ] (b)(5)       [X] (b)(7)(C)        [ ] (d)(5)      [ ] (k)(2)

[ ] (b)(2)      [X] (b)(6)       [ ] (b)(7)(D)        [X] (j)(2)      [ ] (k)(5)

[ ] (b)(3)      [ ] (b)(7)(A)    [ ] (b)(7)(E)        [ ] (k)(1)      [ ] (k)(6)

[ ] (b)(4)      [ ] (b)(7)(B)    [ ] (b)(7)(F)

## EXPLANATION OF EXEMPTIONS

### FOIA: TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information complied in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

```
************************************************************************
                            DOCUMENT 18
************************************************************************
```



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House
2nd & Chestnut Streets - 7th Floor
Philadelphia, PA. 19106

October 1, 2007

Shanell A. James
Reg. No. 69829-004
Metropolitan Detention Center
P. O. Box 329002
Brooklyn, NY  11232

Re:  Administrative Tort Claim Received September 4, 2007
     Claim No. TRT-NER-2007-05899

                           TRT-NER-2008-01154
Dear Mr. James:

This will acknowledge receipt of your administrative tort claim for
alleged loss of personal property at the FCI McKean on or about
April 20, 2007.

Under the provisions of the Federal Tort Claims Act, 28 U.S.C. 2675,
we have six months from the date of receipt to review, consider, and
adjudicate your claim.

All correspondence regarding this claim should be addressed to me at:
Federal Bureau of Prisons, Northeast Regional Office, Room 700, U.S.
Custom House, 2nd & Chestnut Street, Philadelphia, Pennsylvania 19106.
If the circumstances surrounding this claim change in any fashion, you
should contact me immediately.  Also, should your address change, you
should advise me accordingly.

Sincerely,

Henry J. Sadowski
Regional Counsel

Federal Bureau of Prisons                    (BP-9 Sensitive) pursuant to 28 CFR, part 542.14(d)(1)

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | James,  Shanell A. | 69829-004 | K-83 | MDC |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**     On August 23,2007, I recieved a partial release of my legal property which I sought since April 20,2007, while being transfered (via "Writ") from FCI Mckean   to MDC-Brooklyn. [4 months without law property]

   I file this request after attempting to informal resolve the remaining portion of legal property. This property is specifically prepared "Motion to Amend Defendant's) Interrogatories, Subpeona Duces Tecum, in addition to various other legal records related to pending lutigation in Civil Action No. **06-0562(RMC)**.

   Additionally, when I recieved the partial release of legal property these aforementioned documents and records was missing. Furthermore, there is no records of my missing personal property to which was to be itemized, catalogued, and placed for safe-keeping. Although   I signed to the release of my Administrative Remedy pending in No. **460175-F1**, it was not because I was satisfied by the reciept of legal property that was released, but because I didn't believe that the Administrative Remedy process was the right remedy of "lost property" I therefore sought relief via Title 28 USC §2671-80, "Federal Tort Claim Act".

   The issue before this regional Office to which I seek relief is the additional legal property and the missing personal property to which was not address in prior Administrative Remedy ~~ptt~~ process only to learn that it might possibly be construed that I'm satisify with the property that was released. Which I not satisfied, for the additional missing legal and personal property remains not available to which I need the missing prepared legal motions (drafted) to submitt in

| DATE | *** See Attached page *** | SIGNATURE OF REQUESTER |
|---|---|---|

**Part B– RESPONSE**

| DATE | | WARDEN OR REGIONAL DIRECTOR |
|---|---|---|

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

                                             CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE  . | | RECIPIENT'S SIGNATURE (STAFF MEMBER) | BP–229(13) |
|---|---|---|---|
| | | | APRIL 1982 |

Cont. page 1, BP229(13)


Civil Action No. **06-0562**.

    This remedy is Sensitive to which I've address it to various member of MDC-Brooklyn, who have continued to provide the necessary property, and aknowledge the missing personal property. This issue has been made available to various stsff member of Manager W.M. Woodall, and the Legal Department of MDC.
    Additionally this matter is related to pending litigation in Civil Action(s) **Cv-07-3165**, U.S. District Court, Eastern District N.Y. , and **06-Cv-0562**, U.S. District Court, District of Columbia. Because this of the missing legal material, and the pending litigation, in which these document are needed to submitt to the Court(s). I file this "Sensitive" remedy for the regular time associated with the filing via institution might in advertently conflict with filing and dealines order by the Court.


                  Sincerely,


                  Shanell A. James
                  Reg. No. 69829-004
                  MDC (Brooklyn)
                  80-29th Street
                  Brooklyn, NY 11232

Shanell James
Register No. 69829-004
Metropolitan Detention Center-Brooklyn
80-29th.Street
Brooklyn, New York 11232
January 11,2008

Honorable Joyce Zoldak
Associate General Counsel
Federal Bureau of Prisons
320 First Street, N.W.
ᏟᏟᏴRoom 9ᏙᏙᏟHOLC
Washington,D.C. 20534

Re: Update in developments of Tort Claim No.TRT-NER-2008-01154
W/Amended Contributory Negligence Claim on Respondent

Dear Regional Counsel

   I Shanell James, claimant in the above reference Tort Claim
pending, write to you as requested to give an update regarding
developments that have occurred since the submittance of my Tort
Action.

   On August 23, 2007, I recieved a partial release of my requ-
ested legal property at MDC-Brooklyn. This was from my permanent
housing facility FCI-McKean, which I requested for over 4 months
before this partial release was given. Because of the high volume
of legal materials (eg. records, documents, and researched case
law) it was not immediately identified that several additional
materials were missing.

   Specifically, several prepared legal drafted motions, "Motion
to seek leave to Amend New Defendant to Complaint", and "Subpeona
Duces Tecum", and "Interrogatories". These missing items are part
of my pending litigation in Civil Action No. 06-0562(RMC), which
I'm a Pro Se litigant. In addition, several documents of the case
record are also missing. Plus, other photo copies of researched
case law and various topics related to this Tort Action, and my
Criminal Case.

   On September 5, 2007, I detailed my issue to Inmate System
Manager D.Williams via "Inmate Request to Staff" form BP-S 148.055.
This form requested that a letter (on BOP letterhead) be issued to

me to state that I recieved a partial release of legal property
from Property Officer Ford at MDC-Brooklyn's R&D area. Addition-
ally, I explained that this letter would be necessary to submit to
the Northeast Regional Office, regarding the delay of resubmitta-
nce of Remedy Id No.#443846-A1 to Central Office's National Appeal
Administrator. (See enclosed photo copy of "Inmate Request to
Staff").

On Septembe 7, 2007, ISM D.Williams approached me to request
that I withdraw my Administrative Remedy No. 460175-F1 that was
rejected by the Northeast Regional Office, and then resubmitted to
Warden per instruction of Northeast Regional Office. This was sub-
mitted to ISM D.Williams to forward on to Warden. This was due to
the obstruction of it's deliverance by other staff members of MDC-
Brooklyn, who have told me that I cannot write Warden directly.
Also on this day, I had my submitted "Inmate Request to Staff Mem-
ber", signed by ISM D. Williams. Who also wrote in disposition por-
tion of "Request" that any delay of me obtaining my legal property
was due to FCI-McKean not sending them. D.Williams also refused to
give me the requested letter (on BOP Letterhead) as instructed by
Central Office's Administrative Remedy Coordinator made to the
attention of National Inmate Appeals, Central Office. This corre-
spondence letter was dated June 14, 2007, where checklist No.#10
explained that I received a BOP letterhead letter to confirm the
reason for delay and untimely response was not my fault. (see enc-
closed photo copy letter requesting BOP letterhead letter docume-
nting delay).

I tried explaining that verification is needed on BOP letter-
head. I showed this letter to D. Williams who still refused to give
me the letter. Instead he told me that him signing my "Inmate Req-
uest for Staff" request was a Bureau of Prisons Official form and
that an official BOP letterhead wasn't necessary. He then docume-
nted in the Disposition section of "Request" by beginning "As req-
uested you seek official confirmation as to the date you received

(2)

your legal material from FCI-McKean,".

After several minutes of trying to convince D.Williams to pro-
vide the BOP letterhead letter. It was agreed that if I signed the
prepared Administrative Remedy Withdraw form he would state in the
last sentence of the withdrawal, that I received my legal materials,
on August 23, 2007. Believing that I adequately dictated that the
release of property (legal) was in fact a partial release. I relu-
ctantly signed the withdraw form. (See enclosed photo copy of "Adm-
inistrative Remedy Withdrawal Form").

The next few days following I wrote two petitioning motions
to U.S. District Courts for Eastern District of New York, James v.
Federal Bureau of Prison, Civil Action No.07-3165(CBA), and to
District of Coumbia, in regards to Civil Action No.06-0562(RMC)
were pending litigant was ongoing, and missing portion of legal
property was directly relative to this Civil Action. The Petition-
ing motions were application for the respective courts to issue
"Writ of Mandamus" to order BOP officials to provide remaining por-
ion of legal property. Also I requested to District Court (DC) for
an extension of time to submit my opposition to a Defendant's Mot-
ion of Summary Judgement which I needed the missing portions of
legal property to draft an effective opposition as ordered. (See
enclosed handwritten "Motion for Extension of Time to file Opposi-
tion's Motion for Summary Judgement", also see "Motion for Writ of
Mandamus" in Civil Action No.06-0562(RMC)).

I filed a motion before U.S. District Court for the Eastern
District of New York, seek "Writ of Mandamus"to compel/order that
Bureau of Prisons Officials at MDC-Brooklyn and FCI-McKean to pro-
vide the remaining portions of legal property. This motion was
later deemed "moot" by U.S. District Court (EDNY). I withdrew
(dismissed) my petition for "Writ of Mandamus", believing that the
U.S. District Court (DC), would have the proper authority to issue
the sought relief, and compel the BOP Officials to provide the mis-
sing property. To date the Honorable Court has not yet ruled on

(3)

this matter.

In late September/2007, I filed a Administrative Remedy BP-9 (Sensitive) pursuant to 28 CFR, part 542.14(d)(1) seeking to informally resolve the remaining portion of legal materials (property), and the issue of personal property that was also missing due to it not being itemized, catalogued, and place in safe-keeping due to my transfer to MDC-Brooklyn on "Writ". (See attached photo copy of "Request for Administrative Remedy").

As in the earlier filed Administrative Remedy BP-9(Sensitive), Remedy ID#458402-R1,which detailed my issue of trying to obtain my legal materials. (this was prior to the partial release). My Second Administrative Remedy was rejected on October 20,2007.(See attached photo copy of Rejection Notice of Administrative Remedy, Remedy ID #470431-R1).

As a result of the filed Tort Claim No.TRT-NER-2007-05899, on November 5, 2007, I was called by Case Manager E.Garcia, who explained that an Elise Neal of the legal Department of FCI-McKean wanted to talk to me via telephone conference. After agreeing, E. Garcia dialed the number, and Ms. Neal responded, and stated "Since you recieved your legal property, would you sign a release dismissing your Tort Claim ?" I responded by expressing, that I was issued a partial release of legal property, and that I have no record that my personal property was/is itemized, catalogued, and being kept for safe-keeping." I continued by stating that"I have pending litigation in which I'm a Pro Se litigant, and some of the missing legal property is prepared drafted motions(" Motion to Seek Leave to Amend New Defendant to Complaint"," Subpeona Duces Tecum", and" Interrogatories" related to Civil Action No.#06-0562 (RMC). Therefore I must conclude that my personal property is lost. "I then finished by stating that "I don't want to withdraw my Tort Claim."

I now submit this update in the developments of my pending Tort Claim Action. The employees of U.S. Government's , Department

of Justice's, Bureau of Prisons. Specifically, Inmate Systems Man-
ager D.Williams of MDC-Brooklyn, and Legal Representative of FCI-
McKean Elise Neal, have not properly sought to remedy my Tort Claim.
Specifically D.Williams has sought to obstruct the due process by
not providing the BOP Letterhead letter which was requested to
establish that I had excusable reason in filing a late administra-
tiveremedy. To date I've spoken to Mr. Williams several times to
obtain the letter verifying the particulars, and to date I still
don't have the letter.

In addition, The Northeast Regional Office has also obstructed
the due process of my right to Administrative Remedy by it's rej-
ection of my Request to Remedy my missing legal and personal prop-
erty. Furthermore, the procedure of it's own prescribed rules it
has chosen to neglect in 28, Code of Federal Regulation, Part 542
"Administrative Remedy", sections 542.10 thru 542.19. It's reject-
ion of the 2 filed Administrative Remedy(s) it declared that the
issue is not sensitive. I'm a Pro Se litigant "un-armed" with the
legal materials (property) necessary to negate,and/or petition the
Court effectively as a Pro Se litigant. This has continually caused
a skewed concomitant process in which can't be Remedied because
the Northeast Regional Office has obstructed the due process by not
honoring a creditable "sensitive" request. This has placed me bet-
ween an"imbroglio" situation. For the Civil Action No 06-0562 is
to challenge my confinement related to Criminal Case. Because this
cannot be effectively challenged (re; missing legal property). The
missing property then subjects me to file Administrative Remedy.
Thus, because of the obstruction of Administrative Remedy, and the
rejection of it not being categorizing as a creditable sensitive
issue. It feels like I'm "between a rock, a hard place, and hell".

In conclusion, I humbly and respectfully request that the
aforementioned isssues be amended to my filed Tort Claim No.TRT-
ER-2007-05899 and that I declare that the Respondent(s) U.S. gove-
rnment's employees of Department of Justice's, Bureau of Prisons
has cause, and is continually causing contributory Negligence that

that arose prior to this action, and continual which has cause inj-
uries (personal and property) cause by the negligent or wrongful
act(s) federal government employee(s), which I seek money damages
(sum certain). If any additional information is needed please con-
tact me at the address listed below.


                              Gratefully Submitted,


                              _____
                              Shanell James, Claimant
                              Reg.No. 69829-004
                              MDC-Brooklyn(unit K-83)
                              80-29th.Street
                              Brooklyn,NY. 11232


cc:
U.S. Department of Justice
Civil Division, Tort Branch
Federal Tort Claim Act Staff
Post Office Box 888
Benjamin Franklin Station
Washington, DC.  20044
Attn: Khlayer Sowell-Claims Adjuster

                         (6)

CERTIFICATE OF SERVICE


This is to certify that the following enclosed document(s);

1)Update in development of Tort Claim No.# TRT-NER-2007-05899 W/
Amended Contributory negligence Claim on Respondent


2)Attached Annexed Documents:  Photo Copies

        "Inmate Request toStaff","Memorandum"-Administrative Rem-
dy Appeal- Case No.#443846-A1,"Request for Administrative Remedy
BP-9(Sensitive)","Motion for Extension of Time to File Opposition'
Motion for Summary Judgement"(relative to Civil Action No.06-0562
RMC)also"Motion for Writ of Mandamus","Rejection Notice- Administ-
rative Remedy" Remdy ID No.#470431-R1,"Administrative Remedy With-
drawal Form(relative to Remedy ID No.#460175-F1)

  Has been mailed to :
                        Henry J. Sadowski-Regional Counsel
                        Federal Bureau of Prisons
                        Northeast Regional Office
                        2nd & Chestnut Street-Room 700
                        Philadelphia,PA 19106


   Via Fisrt-Class Mail postage affixed. This was mailed at the
Mail Room at the:Metropolitan Detention Center - Brooklyn
                   80-29th Street
                   Brooklyn, New York 11232
   On_____Day_____ Month in the year of 2007.I
Shanell James,Register No.69829-004, certify thatthis has beeen
done.


                              True and Correct,


                              _____
                              Shanell James-Claimant
                              Reg No.69829-004
                              MDC Brooklyn
                              80-29th Street(Unit K-83)
                              Brooklyn,New York 11232



Shanell James
Register No. 69829-004
Metropolitan Detention Center-Brooklyn
80-29th Street,(Unit K-83)
Brooklyn, New York 11232
March 7, 2008

Honorable Joyce Zoldak
Associate General Counsel
Federal Bureau of Prisons
320 First Street, N.W.
Room 977 HOLC
Washington, D.C. 20534

Re:( Supplemental ) Statement In Support of Mental Anguish Claim relative
    to Administrative Tort Claim No. TRT-NER-2008-001154 (formerly)TRT-NER-
    2007-05899)

Dear Associate General;

                I Shanell James, Claimant in the above reference Ad-
ministrative Tort Action, submit this " Statement In Support Mental Anguish
(injury(s)) relative to Administrative Tort Claim No.TRT-NER-2008-01154. This
statnment further support the mental anguish/ emotional injury(s) which is a
result of Respondent's Negligence, and Contributory negligence as mention in
Notice of Tort Claim, and relative filings in association with this Tort Act-
ion.

      The injuries of mental/emotional anguish is continual to date, which st-
arted on April 20, 2007. These injuries were inflicted due to the loss of pro-
perty (personal & legal) by Respondent who also did nothing when I petitioned
for intervention via Informal Resolution, and Administrative Remedy(s) petit-
ions.

      Specifically, I've experienced constant worry/distress for not knowing
where property is. For contained within my property(personal) are legal docum-
ent(eg. Debreifing minutes, filings mentioning/refencing of "5K1,and Rule 35")
that shows my cooperation with authorites in my Federal Criminal Case, and ot-
her pending investigation(s). These are extremely sensitive materials to which
I have to continue to wonder who knows if I "cooperated".

      Futhermore, this has, and continually places me in physical danger, and
also in an extremely distressful state of mind wondering if my lost property
with the enclosed documents are in the hands of fellow inmates. Prisons and
jails have always been cultured by inmates who hate those inmates that have
"ratted" or "snitched". This could possibly place me in "harms way". In the
case of **David v. Hill, 401 F.Supp. 2d 749. at 756** states "Court have long re-
cognized that being labeled a "snitch" in the prison enviroment can indeed
pose a threat to an inmate's health and saftey in violation of the Eighth Am-
endment ... Because being labeled a snitch could place an inmate's life in
danger, it follows that he would have a protected liberty interest in not be-
ing labeled one."

      This as I now assert, and believe that I have a right to be protected fr-
om " Inmate Assault","Cruel and Unusual Punishment." I have 14 months left un-
til my halfway house release, and then another 5 years on supervised release.

                                    -1-

The statistical information of recidivism rates supports that it is highly likely that I'll be " violated" while on supervised release. Thus, putting me back into prison 'harms way' if it's ever learned that I cooperated with authorities. My cooperation is vertfied for I've recieved a sentence reduction thus given me the status as  an "credible informant."

Day after day, I've experienced distress in believing that an inmate will approach me saying ' Your a snitch",or being seriously injury as a result of an attack. Since my almost 5 years of committance I've come to know that "word" or the " prison grapevine" has exposed many an informant. Resulting in physical,and, or a disruption of that person's daily prison lively-hood with could also create large concerns for the rest of  other inmates at an facility.

The failure of the Respondent's Federal employees of the Bureau of Prisons in the loss of property, and to properly catagorized my filed Administrative remedy(s) Id No.(s) 460171-F1, and 470431-R1, and the requested intervention to protect my property. The Respondent's failures also caused various obstructions in the course of my filed Administrative Remedy process. Which also contributed to the extended Mental/Emotional anguish that I'm experiencing, and will continue to experience as a result of Respondent's Negligence and/ or Contributory Negligence actions.

I conclusion, I humbly and respectfully request that this"Statement In Support of Mental anguish Claim in administrative Tort Claim No. TRT-NER-2008-01154 is supplemented/amended to my original filings to support the damages ( sum certain ) requested as a result of the injuries sustained. Also, I've written this Honorable  Office several times seeking the status of my earlier filed " Amended Contributory Negligence Claim" and " Inquiry in General Tort Claim Information relating to TRT-NER-2007-05899". The later was submitted via Federal Tort Branch Act Staff, Claims Adjuster Khlayer Sowell-Graves. In the last correspondence with the Claim Adjuster it was stated that my submitted " amended" Document was forwarded to your office. I then submitted a letter requesting notice of receipt of this filings, and to date I have not been responded to. In addition, I've also humbly and respectfully requested that I be provided a complete copy of the entire record of this Tort Action, and respectfully request that I be provided a complete record of the aforementioned Tort Action. I thank you in Advance for your time, consideration, and service in this matter.

Please be advised that I'm submitting
several copies of corresponding letters.

Gretefully Submitted,

Shanell James,Claimant
Register No.69829-004
Metropolitan Detention Center- Brooklyn
80-29th Street,(Unit K-83)
Brooklyn, New York 11232

Shanell James
Register No.69829-004
Metropolitan Detention Center-Brooklyn
80-29th. Street, (Unit K-83)
Brooklyn, New York 11232
March 15, 2008


Honorable Joyce Zoldak
Associate General Counsel
Federal Bureau of Prisons
320 First Street, N.W.
Room 977 HOLC
Washington, D.C. 20534


Re: Update in the developments of Tort Claim No.TRT-NER-2008-01154(formerly
    TRT-NER-2007-05899) W/Amended "Collateral Effect" Claim regarding the
    Negligence and Contributory Negligence of Respondent

Dear Associate General Counsel
    I Shanell James, Claimant in the above reference TortClaim pending
write to you as requested to give an update regarding developments that have
occurred since the submittance of my Tort Action, and during the course its
consideration by your office. The following claim is a direct effect due to
the Negligence and Contributory Negligence of the Respondent's actions given
rise to this Tort Action.

Claimant had a Civil Action pending in the U.S. District Court for the
District of Columbia (since 03/24/2006). This action was to obtain relief
form the court regarding the denial of information by the U.S. Customs& Bo-
rder Protection in violation of the "Freedom of Information Privacy Act(s)",
Title 5, United States Code, Section(s) 552 & 552(a). Claimant theorized th-
at CBP ( the arresting agency in Claimant's Federal Criminal case) withheld
information that could have been "exculpatory" during the Pre-trial phase
of Criminal case. It is believed that the information sought would have cha-
nged the outcome of his conviction. This information was sought via FOIA/PA
procedures, and was denied. Thus, Claimant then filed a complaint to the
aforementioned District Court for Judical review/intervention.

    On March 3, 2008, after $2\frac{1}{2}$ years of litigation the Honorable Court den-
ied the Civil Action. It cited (partly) that the Claimant chose to file an
late "Motion to Amend New Defendant(s) to Complaint" during the entered ti-
mely "Renewed Motion for Summary Judgement " submitted by the CBP(defendant).
The denial was granted motion for Summary Judgement for the Defendant. In
the Memorandum Opinion of the Judge it stated "Mr.James has had nearly two
years to seek leave to amend his Complaint in this case to add ICE and the
DEA as defendants and chose not to do so until receiving CBP's Renewed Motio
for Summary Judgement". However, because of the denied Legal Property, which
contained aprepared "Motion to Amend New Defendants to Complaint", (see lett-
er dated November 27, 2007) this was mentioned to your Regional Office in an
"Amended Contributory Negligence Claim on Respondent".

-1-

As a result of the denial of Claimant's legal property while leaving FCI-McKean via "Writ", and the subsequent denial/rejection of the Administrative Remedies filed to seek intervention in form of having his Legal property provided, even after demonstrating that he was a ProSe litigant with pending deadlines. The Respondent failed to provide the needed legal property, and as a result provided a partial release, to which the renaining portion was lost and because of this the Claimant filed a "generic", late motion to Amend New Defendants to Complaint", to which the Defendant submitted a Renewed Motion for Summary Judgement, and the Claimant was late to add new defendant's (barred).

The Claimant asserts had he been provided his legal property when asked, and permitted by the provisions of the Respondent's own published rules, and mandated by the governing regulations in28 CFR, part(s),552.11(d), 553.14(a)(1), and 553 .15 (b)(c). This failure has cause a **"Collateral Effect"** that had now gotten the Claimant's Civil Action dismissed because of the timing of a motion that Claimant had drafted and stored waiting to be filed at the right time. Due to the loss of his legal property Claimant was forced to draft a motion of memory that ended up being filed late.

The Claimant also asserts this claim to also include, and support his other amended claims of Negligence and Contributory Negligence by the Respondent's employees who neglected their duty to protect the Claimant's property,and to remedy the administrative remedies once it was presented to Respondent's Regional and Central Office)s).

In conclusion, I humbly and respectfully request that the aforementioned issue be amended to my filed Tort Action No. TRT-NER-2008-01154) formally TRT-NER-2007-05899), and that the Respondent(s) U.S. government employees of Department of Justice's, Bureau of Prisons has caused, and is continually causing Negligence and Contributory Negligence that arose prior to this action, and continual ehich has cause injuries (personal & property loss) by the neglect of duty. I seek Damages (Sum Certain) for such negligency as prescribed by the FTCA. Note enclosed are some phot copies of correspondence letters & Documentation in reference to this claim. Be advised that "Attached Annexed Documents" can be seen via the Regional office.

Gratefully Submitted,

_____

Shanell James, Claimant
Reg.No. 69829-004
MDC- Brooklyn (Unit K-83)
80-29th. Street
Brooklyn, New York 11232

cc: U.S. Department of Justice
    Civil Division, Tort Branch
    Federal Tort Claims Act Staff
    P.O. Box 888
    Benjamin Franklin Station
    Washington, D.C. 20044
    Attn: Khalyer Graves-Sowell, Claims Adjuster

************************************************************************

DOCUMENT 19

************************************************************************

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 03-2712-O'Sullivan

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SHANELL ANTOINE JAMES,

        Defendant.

_____/

## DEFENDANT'S MOTION TO PRESERVE EVIDENCE

    Defendant, Shanell Antoine James, through counsel, and pursuant to Federal Rule

of Criminal Procedure 16 requests an order directing the government to preserve and

immediately directs its agents and to preserve all evidence in this case as enumerated

below for the reasons set forth below.

    1.   Mr. James was arrested for the importation and possession with intent to

distribute heroin in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 841(a)(1).

    2.   At his arrest, all his personal effects were seized, including his luggage.

    3.   All contraband was seized and is in the custody of the government as well.

    4.   All items "obtained from or belonged to" the defendant must be preserved to

permit authorized discovery.   Fed. R. Crim. P. 16; Standing Discovery Order; *see also*

*United States v. Rodriguez*, 799 F.2d 649, 652 (11th Cir. 1986).  Any of all of this

material may be material to preparation and presentation of an effective defense. Mr. *

requests that the entirety of the contraband be preserved in the event that a reweighing

is necessary. Therefore, Mr. James seeks an order requiring preservation of any and all evidence in this case.

Respectfully submitted,

KATHLEEN M. WILLIAMS
Federal Public Defender

By: _____

Celeste Spiegz Higgins
Supervisory Assistant Federal Public Defender
Florida Bar No. 909718
150 West Flagler Street, Suite 1700
Miami, Florida 33130
Telephone: (305) 530-7000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 30th day of May, 2003, to the United States Attorney's Office, 99 N.E. 4th Street, Miami, Florida 33132.

_____
Celeste S. Higgins

2

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

I 08·842 RMU

## I.(a) PLAINTIFFS

Shanell James

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PO)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 69829·004

## DEFENDANTS

U.S. Drug Enforcement Administration, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00842
Assigned To : Urbina, Ricardo M.
Assign. Date : 5/15/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

□ **A.** *Antitrust*

□ 410 Antitrust

□ **B.** *Personal Injury/ Malpractice*

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

□ **C.** *Administrative Agency Review*

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

□ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## □ E. *General Civil (Other)* OR □ F. *Pro Se General Civil*

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Immigration**
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien Detainee
□ 465 Other Immigration Actions

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
☒ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant

□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.

□ 460 Deportation
□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

4

| □ **G. Habeas Corpus/ 2255**<br><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ **H. Employment Discrimination**<br><br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ **I. FOIA/PRIVACY ACT**<br><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ **J. Student Loan**<br><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ **K. Labor/ERISA (non-employment)**<br><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ **L. Other Civil Rights (non-employment)**<br><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ **M. Contract**<br><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ **N. Three-Judge Court**<br><br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

□ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 (FOIA)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23    **DEMAND $** ○    Check YES only if demanded in complaint    **JURY DEMAND:** □ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    □ YES  ☒ NO    If yes, please complete related case form.

**DATE** 5/15/08    **SIGNATURE OF ATTORNEY OF RECORD** NCD

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.