THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANELL JAMES,<br>      Plaintiff,<br><br>      v.<br>U.S. DRUG ENFORCEMENT<br> ADMIN. et. al.,<br><br>      Defendants. | Civil Action No. 08-0842 (RMU)<br>ECF |

**ANSWER**

Defendants, U.S. Drug Enforcement Administration et. al. ("Defendants"), by and through undersigned counsel, hereby answers the Complaint filed in the above-styled action as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

Defendants reserve the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.  Defendants assert all applicable statutory limitations with respect to Plaintiff's damage claims.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants further answers Plaintiff's Complaint by responding to the numbered and non numbered paragraphs of

the Complaint by denying the allegations contained therein, except as expressly admitted, as follows:

## COMPLAINT

1. Paragraph one is Plaintiff's, Shanell James' ("Plaintiff") statement regarding the nature of the Complaint, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, Defendants deny.

2. Paragraph two purports to identify Plaintiff's current place of residence. Defendants are without knowledge or information sufficient to admit or deny this statement.

3. Paragraph three contains Plaintiff's legal conclusion that he has satisfied all jurisdictional prerequisites to the institution of this action, a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants deny

4. Defendants deny that DEA improperly withheld information from Plaintiff. Defendants admit the remainder of paragraph four with clarification. As of the date of the Complaint, DEA had not provided the requested information to Plaintiff. Upon receipt of the Complaint, a litigation review was conducted. Pursuant to the litigation review, DEA determined that two years subsequent to his initial FOIA request, Plaintiff had provided the information needed to search for the responsive records to his request. By letter dated June 25, 2008, DEA provided the non-exempt portions of the requested documents to the plaintiff. The release letter is the best evidence of the fact.

5. The first sentence of paragraph five purports to identify the timing of Plaintiff's complaint, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, Defendants deny. The second sentence of paragraph five is a

characterization of Plaintiff's case, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, Defendants deny.

## JURISDICTION

1. Paragraph one is Plaintiff's statement regarding this Court's jurisdiction to hear his claim, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, Defendants deny.

2. Paragraph two is Plaintiff's statement regarding this Court's jurisdiction to hear his claim, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, Defendants deny.

## FACTUAL BACKGROUND

3. Defendants admit paragraph three with clarification. By letter dated November 10, 2004, Plaintiff requested a copy of a lab analysis report analyzed by DEA and referred by the United States Customs Service. The request letter is the best evidence of the fact. By memorandum dated January 3, 2005, the Department of Justice, Justice Management Division ("JMD") forwarded Plaintiff's request dated November 10, 2004 to DEA. The memorandum is the best evidence of the fact.

4. Defendants admit paragraph four with clarification. By letter dated February 15, 2005, in response to the JMD referral, DEA informed Plaintiff that it received his FOIA request and assigned it DEA FOIA Request Number 05-0524-P. The acknowledgment letter is the best evidence of the fact.

5. Defendants admit sentence one of paragraph five with clarification. By letter dated February 22, 2005, Plaintiff submitted an additional FOIA request to DEA. Defendants are

without knowledge or information sufficient to admit or deny the allegations in sentences two and three. Defendants admit the allegations in sentences four through seven. Sentence eight is Plaintiff's statement regarding why he filed his request, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, Defendants deny.

    6. Defendants admit sentence one of paragraph six with clarification. By letter dated March 1, 2005, DEA informed Plaintiff that it had located no records responsive to his request. The response letter is the best evidence of the fact. Defendants admit sentence two with clarification. The information Plaintiff provided with his initial FOIA requests was not sufficient to identify his laboratory records. Plaintiff subsequently provided his laboratory number to DEA.

    7. Defendants admit paragraph seven with clarification. By letter dated March 8, 2005, Plaintiff appealed the DEA no records response to the Department of Justice, Office of Information and Privacy (OIP). The appeal letter is the best evidence of the fact.

    8. Defendants admit paragraph eight with clarification. By letter dated March 24, 2005, OIP acknowledged the plaintiff's appeal of the DEA response and assigned it appeal number 05-1298. The appeal letter is the best evidence of the fact.

    9. Defendants are without knowledge or information sufficient to admit or deny paragraph nine.

    10. Defendants admit paragraph ten with clarification. By letter dated June 6, 2005, OIP affirmed the DEA no records response and suggested that if the plaintiff had not already done so, that he submit requests to the Department of Homeland Security, CBP, and U.S. Immigration and Customs Enforcement ("ICE"). The appeal affirmation letter is the best evidence of the fact.

    11. Defendants are without knowledge or information sufficient to admit or deny paragraph 11.

12.  Defendants are without knowledge or information sufficient to admit or deny paragraph 12.

13.  Defendants deny the allegations in paragraph 13.

14. Defendants admit sentence one of paragraph 14 with clarification. By letter dated November 14, 2007, DEA informed Plaintiff that it has completed its review of the referred document from the Executive Office for United States Attorneys ("EOUSA") and denied release of the referred document.  The letter is the best evidence of the fact.  Defendants deny the first part of sentence two in which Plaintiff states that DEA denied the release of a lab analysis report. Defendants admit the second part of sentence two in which Plaintiff states that DEA asserted FOIA exemption (b)(6) and Privacy Act exemption (j)(2).  Defendants deny the third part of sentence two in which Plaintiff states that DEA asserted FOIA exemption (b)(7)(D) to withhold information. Defendants deny the fourth part of sentence two in which Plaintiff states that the referred document was a lab analysis report.

15. Defendants admit paragraph 15 with clarification. By letter dated December 10, 2007, Plaintiff appealed the DEA denial of the referred document from EOUSA.  The appeal letter is the best evidence of the fact.

16. Defendants admit paragraph 16 with clarification. By letter dated January 8, 2008, OIP acknowledged Plaintiff's appeal, assigning it appeal number 08-0675, stating that it had a substantial backlog of pending appeals received prior to receipt of the plaintiff's appeal.  The appeal acknowledgment letter is the best evidence of the fact.

17. Defendants admit paragraph 17 with clarification. By letter dated February 19, 2008, OIP affirmed the DEA action, stating that the referred records were exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552(a)(j)(2), and that DEA properly withheld

the referred information in its entirety pursuant to 5 U.S.C. § 552(b)(6).  The appeal affirmation letter is the best evidence of the fact.

18.  Defendants are without knowledge or information sufficient to admit or deny paragraph 18.

### FIRST CAUSE OF ACTION

19.  Defendants deny the allegations in paragraph 19.

20.  Defendants deny the allegations in paragraph 20.

### SECOND CAUSE OF ACTION

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

### THIRD CAUSE OF ACTION

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

The remainder of the Complaint is Plaintiff's Prayer for Relief to which no answer is required.  To the extent an answer may be deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, Defendants request the Court enter judgment in its favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice, that Defendants recover their costs in this action, and for such other relief as may be appropriate.

Dated: August 4, 2008

                Respectfully submitted,

                _/s/_____
                JEFFREY A. TAYLOR, D.C. Bar #498610
                United States Attorney

                _/s/_____
                RUDOLPH CONTRERAS, D.C. BAR #434122
                Assistant United States Attorney

                _/s/_____
                MEGAN M. WEIS
                Special Assistant U.S. Attorney
                United States Attorney's Office
                Civil Division
                555 4th Street, NW
                Washington, D.C. 20530