UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SHANELL JAMES, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-0842 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 13, 15 |
| | : | | |
| DRUG ENFORCEMENT ADMINISTRATION *et al.*, | : : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM ORDER

### GRANTING THE DRUG ENFORCEMENT AGENCY'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE PLAINTIFF'S MOTION FOR AN *IN CAMERA* INSPECTION

## I.  INTRODUCTION

Plaintiff Shanell James, a federal prisoner, brought this action *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, *id.* § 552a, against the Drug Enforcement Administration ("the DEA" or "the defendant"), a component of the United States Department of Justice ("DOJ"), and the U.S. Immigration and Customs Enforcement ("ICE"), a component of the Department of Homeland Security.[1]  The defendant now moves for summary judgment.  The plaintiff opposes the motion.  Because the record establishes that there are no material issues in genuine dispute with respect to the defendant's compliance with the requirements of the FOIA and the Privacy Act, the court grants the defendant's motion for summary judgment.  In addition, the court denies the plaintiff's motion for an *in camera* inspection of the requested documents.

---

[1]  ICE has not yet been served with a summons and copy of the complaint.  A summons has been reissued for ICE based on information provided by the plaintiff.

## II. FACTUAL & PROCEDURAL BACKGROUND

On May 25, 2003, a U.S. Customs Service agent arrested the plaintiff for attempting to smuggle approximately 2.4 pounds of heroin pellets into the country. *See* Compl., Ex. 5 at 2; *see also James v. Customs & Border Prot.,* 549 F. Supp. 2d 1, 5 (D.D.C. 2008).[2] The plaintiff had arrived in Miami, Florida via Curacao with the drugs concealed inside his body. *See id.* The incident resulted in the plaintiff's conviction pursuant to a plea agreement, *see* Order, *United States v. James,* Criminal Case No. 03-20452 (S.D. Fla. Oct. 21, 2003), and he was sentenced to fourteen years in prison followed by five years of supervised release, *see* Judgment, *United States v. James* (Jan. 27, 2004).

Following his conviction, the plaintiff sought records related to his criminal investigation and prosecution, including a "Laboratory Analysis Report" of the heroin pellets seized from his body. Compl. ¶¶ 3-5, 12 & Ex. 5. Toward that end, he directed a FOIA request to the DOJ in November 2004. *See* Def.'s Mot. for Summ. J., Decl. of Leila I. Wassom ("Wassom Decl.") ¶ 6 & Ex. A. The DOJ forwarded the request to the defendant, the Federal Bureau of Investigation ("FBI") and the Executive Office for United States Attorneys ("EOUSA"). Wassom Decl. ¶¶ 7-9 & Ex. F. The plaintiff also communicated directly with the defendant regarding his request. *Id.*

The defendant determined that the records most likely to be responsive to the plaintiff's request would be found in the defendant's Investigative Reporting Filing System ("IRFS"), and that lab analysis records were most likely to be found in the defendant's Functional File System

---

[2] Well into the litigation against Customs and Border Protection, another component of the Department of Homeland Security, the plaintiff attempted to amend his complaint to include the defendants in this action. His motion to amend was denied, but he was informed that he was "free . . . to file new actions against the DEA and ICE." *James v. Customs & Border Prot.,* 549 F. Supp. 2d 1, 13 (D.D.C. 2008). This action followed.

File No. 901 ("Laboratory Case Files"). *Id.* ¶¶ 21-22. The defendant concluded that no other system of files was likely to contain responsive information. *Id.* ¶ 23. The defendant searched its IRFS index by using the plaintiff's name, social security number and date of birth as search terms, but did not locate any files containing information relating to the plaintiff. *Id.* ¶¶ 24-26. The defendant could not search its Laboratory Case Files because to do so, it needed to know the file, exhibit or laboratory number of the drug analysis sought, and the plaintiff had not provided that information. *Id.* ¶ 27. Accordingly, the defendant notified the plaintiff that it had found no records responsive to his request. *Id.* ¶ 11. The plaintiff appealed to the DOJ's Office of Information and Privacy ("OIP"), which affirmed the defendant's determination that it had no responsive records. *Id.* ¶ 14 & Ex. H.

   Subsequently, the EOUSA forwarded one page – a curriculum vitae of one of the defendant's forensic chemists – to the defendant. *Id.* ¶ 15. The defendant then notified the plaintiff that it had received the curriculum vitae, but that the defendant was withholding the document in full pursuant to FOIA exemptions (b)(6), (b)(7)(C) and (b)(7)(F), which relate to the privacy or safety of third parties. *Id.* ¶¶ 16-17 & Ex. P. In December 2007, the plaintiff submitted an appeal to the OIP challenging the defendant's decision to withhold the curriculum vitae. Along with his appeal, the plaintiff included new information indicating that the DEA's Southeast Laboratory had conducted the analysis of the heroin and providing the corresponding laboratory number and file number. *Id.* ¶ 18 & Ex. L. The OIP denied the plaintiff's appeal, explaining that the curriculum vitae was unrelated to his request for a lab analysis report. *Id.* ¶ 20. This lawsuit followed.

In the course of defending itself against this litigation, the defendant conducted an additional search based on the new information the plaintiff had provided in his appeal and forwarded the plaintiff's request for the lab report to the Southeast Laboratory. *Id.* ¶¶ 29-30. The search yielded seventeen pages of responsive records. Those records were released to the defendant, but the names of DEA laboratory personnel and ICE Special Agents were redacted from the documents pursuant to FOIA exemptions (b)(7)(C) and (b)(7)(F). *Id.* ¶¶ 30-31 & Exs. O, P.

The defendant has filed a motion for summary judgment, supported by an agency declaration averring that it has searched for responsive records in the only two systems of files likely to contain information responsive to the plaintiff's requests, and that portions of the responsive documents were properly withheld under FOIA exemptions (b)(6), (b)(7)(C) and (b)(7)(F). The plaintiff has filed an opposition to the motion, contending that the cited exemptions are "in error." Pl.'s Opp'n at 4-5.

### III.  ANALYSIS

#### A.  Legal Standard for Summary Judgment in a FOIA Case

Under Federal Rule of Civil Procedure 56, a motion for summary judgment must be granted if the pleadings and evidence on file show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In considering whether there is a triable issue of fact, a court must draw all reasonable inferences in favor of the non-moving party. *Id.* at 255. The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or

denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial," *id.* at 248, that would permit a reasonable jury to find in his favor, *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that it conducted a search of records in its custody or control, *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150-51 (1980), that was reasonably calculated to uncover all relevant information, *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984), which either has been released to the requestor or is exempt from disclosure, *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001). To show that its search "us[ed] methods which can be reasonably expected to produce the information requested," *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998), the agency may submit affidavits or declarations that explain in reasonable detail and in a nonconclusory fashion the scope and method of the search, *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id.* at 127. A search need not be exhaustive, *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985), and the adequacy of a search is not

determined by its results, but by the method of the search itself, *Weisberg,* 745 F.2d at 1485. An agency's failure to find a particular document does not necessarily indicate that its search was inadequate. *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

An agency that withholds information responsive to the plaintiff's request must justify its decision in accordance with the FOIA. 5 U.S.C. § 552(a)(4)(B); *Al-Fayed v. CIA*, 254 F.3d 300, 305 (D.C. Cir. 2001); *Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998); *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). In this case, the defendant has asserted FOIA exemptions (b)(7)(C) and (b)(7)(F) for each of its nondisclosures.[3] FOIA exemption (b)(7)(C) applies to information "compiled for law enforcement purposes" the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). FOIA exemption (b)(7)(F) also applies to information "compiled for law enforcement purposes" the disclosure of which "could reasonably be expected to endanger the life or physical safety of any individual." *Id.* § 552(b)(7)(F). Therefore, the defendant must "produce affidavits or declarations that describe the documents involved and justify the non-disclosure in a clear, specific and reasonably detailed manner, and that are not controverted by either contrary evidence in the record [or] evidence of agency bad faith." *Voinche v. FBI*, 412 F. Supp. 2d 60, 64-65 (D.D.C. 2006) (internal quotation marks and citations omitted). "These affidavits or declarations are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* at 65 (internal quotation marks omitted). If "the agency

---

[3]   In addition, with respect to one document, the agency invokes FOIA exemption (b)(6).

affidavits are sufficiently detailed to permit meaningful review and adversarial testing of exemption claims," *in camera* review of documents is not necessary. *Thompson v. Executive Office for U.S. Attorneys*, 587 F. Supp. 2d 202, 207 n.1 (D.D.C. 2008) (internal quotation marks, alterations and citations omitted). An *in camera* review is properly viewed as a "secondary tool of FOIA enforcement" to be undertaken only where the court, in its discretion, determines it to be necessary. *Ctr. for Auto Safety v. Envtl. Prot. Agency*, 731 F.2d 16, 20-21 (D.C. Cir. 1984) (internal quotation marks omitted).

### B. The Court Grants the Defendant's Motion for Summary Judgment

#### 1. The Defendant's Search was Adequate

The plaintiff does not contest the adequacy of the defendant's search, but the court will address this issue nonetheless because, on a motion for summary judgment, the defendant bears the initial burden of showing that its search was adequate. *Weisberg*, 745 F.2d at 1485. The defendant can meet this burden by supplying "reasonably detailed, nonconclusory affidavits in good faith." *Id.* In *Steinberg v. U.S. Department of Justice*, the court held that the FBI satisfied this burden because it described "with particularity the files searched, the manner in which they were searched, and the results of the search." 23 F.3d 548, 552 (D.C. Cir. 1994). Like the FBI's declaration in *Steinberg*, the Wassom Declaration contains a sufficient degree of particularity. It explains which of the defendant's databases would be likely to contain information responsive to the plaintiff's requests and how files are generally retrieved from those databases. *See* Wassom Decl. ¶¶ 21-24. In addition, it specifically details the offices, dates, methods, and results of the searches conducted on the plaintiff's behalf. *Id.* ¶¶ 25-31. In addition to being reasonably detailed, the Wassom Declaration appears to have been made in good faith; the plaintiff does not

allege otherwise. *See generally* Compl.; Pl.'s Opp'n. Concluding that the defendant conducted an adequate search for documents responsive to the plaintiff's request, the court now turns to the plaintiff's principal arguments.

### 2. The Defendant's Nondisclosures Were Proper

The Wassom Declaration, and its accompanying *Vaughn* index, describes the information withheld in a clear, specific and reasonably detailed manner, and justifies the non-disclosures by describing the general content of the undisclosed information and citing the applicable statutory provisions. *See* Wassom Decl., Ex. P. Specifically, the declaration explains that the curriculum vitae of the forensic chemist was withheld based on third-party privacy interests, *see* Wassom Decl. ¶¶ 16-17, and that the documents from the Southeast Laboratory were released with only names of law enforcement personnel redacted, *id.* ¶¶ 30-31 & Exs. O, P.

The plaintiff opposes the defendant's invocation of the exemptions. *See generally* Pl.'s Opp'n. The gist of the plaintiff's opposition is (i) that the exemptions cited do not have anything to do with the information he seeks in the laboratory analysis report, *see id.*, and (ii) that his personal interest in obtaining evidence that might invalidate his drug conviction or reduce the length of his sentence outweighs the privacy interests protected by the FOIA, *see id.* at 7-9 (citing constitutional rights and the Federal Rules of Evidence, and alluding to the existence of exculpatory material).

The plaintiff's opposition to the motion for summary judgment appears to rest, at least in part, on his belief that a more complete lab analysis report exists and is being withheld. *See generally id.* The plaintiff now has two copies of a document he refers to as a "lab analysis report." *See* Compl., Ex. 5; Wassom Decl., Ex. P at 2. The document is DEA Form-7 entitled

8

"Report of Drug Property Collected, Purchased, or Seized," dated May 28, 2003, and it contains an analysis of the heroin pellets seized from the plaintiff. Compl., Ex. 5. The plaintiff first received a copy of DEA Form-7 from his court-appointed defense counsel in September 2003. The first copy contains no information in Block 25, which is captioned "Analysis Summary and Remarks." *See id.* In connection with his FOIA request, the plaintiff referred to Block 25 of DEA Form-7, alleging that "[t]he information on this form is in-complete [sic]. This is the record sought pursuant to the FOIA in which this section discloses the Analysis of the referenced seizure." Wassom Decl., Ex. L at 6. In June 2008, the plaintiff obtained a second copy of DEA Form-7 as one of the seventeen pages the defendant received from the Southeast Laboratory and released to the plaintiff in the course of the instant suit. The second copy is identical to the first, and demonstrates that the defendant did not redact any information from Block 25. *See id.* (describing the document as the DEA Form-7 dated May 28, 2003, and noting that information was redacted from Blocks 16, 17, 18, 20, 21, 23, 24, 34 and 37 only). Nonetheless, the plaintiff appears to still believe that there is a copy of DEA Form-7 that contains information in Block 25. *See generally* Pl.'s Opp'n.

Thus, the plaintiff's primary focus is on the laboratory analysis he believes should be summarized on DEA Form-7. *See generally* Compl.; Pl.'s Opp'n. It appears, however, that the plaintiff has mistaken the withheld curriculum vitae for the lab report he seeks, just as he did in his administrative appeal of the decision not to disclose the curriculum vitae. *See* Wassom Decl., Ex. L; Pl.'s Opp'n at 4 (stating that "[t]he record sought is not 'personnel or medical records' that belong to any of the federal employees . . . . [Rather, the] record sought [is the] Laboratory Analysis Report") (punctuation altered). The court does not doubt the sincerity of the plaintiff's

9

persistent allegations.  Nevertheless, while the record *sought* is a lab analysis report, the fact remains that the record *withheld* is a curriculum vitae.  Given that the curriculum vitae is a personnel record and is not relevant to the information the plaintiff seeks, the court concludes that the defendant properly withheld this document.  *See* 5 U.S.C. § 552(b)(6) (exempting from disclosure "personnel . . . files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"); *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002) (directing courts to weigh the privacy interest in nondisclosure against the benefits of disclosure).

      Next, in an argument that applies equally to the curriculum vitae that was withheld in full and the names of DEA laboratory personnel and ICE Special Agents that were redacted from the documents produced by the Southeast Laboratory, the plaintiff argues that his personal interest in "changing the outcome of his criminal case significantly" outweighs any privacy interest that the third parties may have in the withheld information.  Pl.'s Opp'n at 6 (punctuation altered).  The court concludes, however, that the plaintiff's argument is not supported by the law.

      The FOIA exempts the production of law enforcement records to the extent that such production "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  The Circuit has held that the "privacy interest at stake is substantial" in cases involving the disclosure of information identifying individuals who have taken part in law enforcement activities. *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1205 (D.C. Cir. 1991); *see also Bast v. U.S. Dep't of Justice,* 665 F.2d 1251, 1254 (D.C. Cir. 1981) (holding that, in light of the stigma potentially associated with law enforcement investigations, exemption (b)(7)(C) affords broad privacy rights to suspects, witnesses and

investigators). Indeed, an agency may resort to a special type of non-response "if confirming or denying the existence of the records would associate the individual named in the request with criminal activity." *Nation Magazine*, 71 F.3d at 893.

Given the significant individual privacy interest at issue, disclosure of material that could constitute an invasion of privacy is warranted only when the individual's privacy interest is outweighed by the public's interest in disclosure. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 776 (1989) (requiring the court to "balance the public interest in disclosure against the interest Congress intended [exemption (b)(7)(C)] to protect"); *Beck v. Dep't of Justice,* 997 F.2d 1489, 1491 (D.C. Cir. 1993). More specifically,

> where there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred.

*Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 174 (2004).

The plaintiff does not contend, and the court does not conclude, that his goal of altering the outcome of his prosecution constitutes a public interest. Pl.'s Opp'n at 7 (emphasizing the plaintiff's "greater personal constitutional right to the . . . material sought pursuant to FOIA"). Nor has the plaintiff made the showing of official misconduct required to overcome the substantial privacy interests that exemption (b)(7)(C) protects.[4] In sum, the plaintiff has not shown that there is *any* public interest at stake, let alone a public interest that outweighs the

---

[4] The plaintiff's claim that he already knows the names involved, *see* Pl.'s Opp'n at 4-5, 9, does not alter the court's analysis.

individual privacy interests protected by the FOIA. *See Beck*, 997 F.2d at 1491. The court therefore concludes that, under the FOIA, the defendant's nondisclosures were justified.[5]

### 3. The Court Denies the Plaintiff's Motion for an *In Camera* Inspection

Finally, the plaintiff seeks *in camera* review of the requested materials. In *Allen v. CIA*, the Circuit set out several criteria for determining the need for an *in camera* review in FOIA cases. 636 F.2d 1287, 1293 (D.C. Cir. 1980), *abrogated on other grounds by Founding Church of Scientology of Wash., D.C., Inc. v. Smith*, 721 F.2d 828 (D.C. Cir. 1983). These criteria do not limit the broad discretion of the trial courts to decide whether to conduct an *in camera* review, but merely constitute a list of factors that trial courts should consider before exercising their discretion. *Id.* at 1297. They include: (1) judicial economy; (2) the conclusory nature of the agency affidavits; (3) possible bad faith on the part of the agency; (4) whether the agency proposes *in camera* review; (5) disputes concerning the content of the document; and (6) strong public interest in disclosure. *Id.* at 1297-99. In accordance with the preceding factors, and given the reasonably detailed nature of the Wassom Declaration, *see supra* Part III.B, the absence of any indication of bad faith by the defendant, *see generally* Compl.; Pl.'s Opp'n, and the absence of a compelling public interest, *see supra* Part III.B, the court denies the plaintiff's request for an *in camera* review of the requested materials.

---

[5] The defendant asserts that more than one FOIA exemption justifies its nondisclosures in this case. *See generally* Def.'s Mot. Because the court concludes that the nondisclosures were proper under exemption (b)(7)(C), the court need not address the other exemptions the defendant has cited in its motion.

## IV.  CONCLUSION

For the foregoing reasons, the court concludes that the plaintiff has presented no genuine issue of material fact with respect to the defendant's compliance with the FOIA as to either the reasonableness of the search or the propriety of withholding the redacted information.  Having satisfied its disclosure obligations under the FOIA, the defendant is entitled to summary judgment.  Because this Memorandum Order disposes of issues related only to the DEA and not to ICE, it is not a final, appealable order.  Accordingly, it is this 28th day of September, 2009, hereby

**ORDERED** that the defendant's motion for summary judgment is **GRANTED** and the defendant is awarded judgment and dismissed from this action; and it is

**FURTHER ORDERED** that the plaintiff's motion for an *in camera* inspection is **DENIED**.

**SO ORDERED.**

                                                RICARDO M. URBINA
                                                United States District Judge